MERRITT and others *vs.* THE NORTHERN RAILROAD COMPANY and MAGILL.

Where the owner of a village lot, gave a grant of a right of way over it, to a railroad corporation, in December, 1846, which was never recorded; and gave a mortgage of the whole lot to the plaintiffs on the 21st February, 1849, which was recorded; about three-fifths of the consideration of the mortgage being to secure a pre-existing debt due from the mortgagor and others, and two-fifths for property sold and delivered to the mortgagor by the mortgagees, at the time of executing the mortgage; and at the time of executing the mortgage, the company had staked out their road on the premises, and set posts for the fences, but the mortgagees had no actual notice of the grant to the company, or what they were doing on the lot; *Held,* that the possession of the company was not sufficient to give notice to the mortgagees, of the rights of the company, nor to put them upon inquiry; and that the mortgagees were to be considered as *bona fide* purchasers without notice.

*It was also held,* however, that they were *bona fide* purchasers only to the extent that they parted with value at the time of giving the mortgage; and not as to that part which was given to secure a pre-existing debt. And that part of the lot not granted to the company was directed to be first sold, and if the proceeds of the sale should not amount to enough to pay the two-fifths and the costs, then the rest to be sold to make up that deficiency.

*Held, further,* that staking out the line or location of the road, and setting posts for the fences, was not such possession as amounted to notice to purchasers of a grant of a right of way to the company.

Where the grant of a right to build a railroad, contained a stipulation that the company on paying the equitable difference, might change the location of their road; and such change was made and the difference paid, before the grantor mortgaged the premises, the new location was protected against a subsequent mortgage given to secure a pre-existing debt.

A *bona fide* purchaser is one who purchases for a valuable consideration paid or parted with, and in the belief that the vendor has a right to sell, and without any suspicious circumstances to put him upon inquiry.

THIS was an action to foreclose a mortgage given by Magill to the plaintiffs on the 21st day of February, 1849, upon a village lot in Malone, Franklin county, to secure the payment of a bond given therewith for the sum of $1500, payable in cotton shirtings or cash six months after date. The plaintiff, at the time of executing the mortgage, held two notes against Magill and others, then amounting to $890, and the balance of the debt, $610, was for cotton sold and delivered to Magill at that time. The mortgage was given to secure these sums, and was recorded on the 7th of March, 1849. On the 22d day of December, 1846, Magill, in consideration of one . dollar, and that the Northern Railroad Company would construct their road across the premises, granted or released to them, for that purpose, therein describing the property, and stipulating as follows: " All that part of the land owned or occupied by the party of the first part, situate in the town of Malone, in the county of Franklin, to be bounded by parallel lines, including in width a space of five rods, as such lines shall be located by the said Northern Railroad Company, for the reasonable use of the said company and its assigns, in the construction, maintenance, use and accommodation of such railroad, with one or more tracks and suitable turnouts, on a course surveyed, and that may be established, under the said act, on and over the land hereby released and conveyed. To have and to hold the same to the said party of the second part, and its assigns to their use as aforesaid, without molestation or hindrance in the construction, maintenance, operating and accommodation of the said railroad, and without further claim for compensation or damage from the party of the first part, or any persons claiming under them, except · nevertheless said road shall not be built on the line as located by Mr. Ap-

Merritt *v.* Northern Railroad Co.

pleton, but on a different one, then an equitable difference shall be paid said party of the first part between said locations.

The party of the second part covenants and agrees that if the said railroad shall be built upon said premises, it shall be built with reasonable care and skill, and that it will erect and maintain suitable fences on each side of said railroad, when the same shall pass through cultivated or improved and enclosed land."

On the 21st day of August, 1848, the company, wishing to deviate from the route located by Appleton, did so, and paid Magill $150 therefor. The grant or release, was never recorded. There was contradictory evidence, whether the company had taken possession at the time the mortgage was given, and as to what they had then done on the land. The judge who tried the cause, found that the company before that time, had surveyed and staked out their road, and had set the posts for the fences, and had probably built part of the fence; but decided that their possession was not sufficient to constitute notice to the plaintiffs, or put them upon inquiry. There was no proof of actual notice to the plaintiffs of the grant, or that the company was doing any thing on the lot.

*A. K. Hadley,* for the plaintiffs.

*J. R. Flanders,* for the Railroad Company.

HAND, J. An objection is made, that the deed or instrument given by Magill to the defendants, the Northern Railroad Company conveys no land, or that the description is so vague that it is void for uncertainty. No doubt where a particular parcel is intended to be conveyed, it must be described so as to be capable of location. (4 *Cruise,* 38, 43. *Rollin* v. *Pickett,* 2 *Hill,* 552.) But it has been held, that articles to have a way at so much per annum, was a grant and not a covenant for enjoyment. (*Holmes* v. *Sellers,* 3 *Lev.* 305. *And see Jackson* v. *Livingston,* 7 *Wend.* 141. *Corbin* v. *Jackson,* 14 *Id.* 619. *Fish* v. *Hubbard,* 21 *Id.* 651. 1 *R. S.* § 748 § 2. *Douglass* v. *New-York and Erie Railroad Co. Clarke,* 174.) Here the lot is described

as being in the town of Malone, and owned and occupied by Magill. And the location of the road by Appleton is mentioned. The release or grant, I think, is not void for want of description. And the payment of the additional sum of $150, and possession taken of a new location as a substitution for the first location, according to the further provisions of said instrument, was valid, and gave to the company at least an equitable right to the site of said new or substituted location of their road.

Admitting the grant or release to be valid as between the parties to it, have the defendants lost their preference by their neglect to place it upon record? The testimony is very conflicting as to the condition of the lot at the date of the mortgage to the plaintiffs. According to the recollection of two of the witnesses, the road was then all graded across it. Others do not recollect this fact, and one is very positive that the fence had not then been built, nor any digging done. It is very evident that the plaintiff had no actual knowledge that the defendants had a conveyance or interest in any part of the land. To charge a purchaser with knowledge of a conveyance to one who neglects to record that conveyance, the evidence should be satisfactory that possession had been taken and kept in pursuance of the deed. It may be that the defendants had begun to excavate on the lot before the mortgage was given; but it can hardly be said, from the evidence, that the defendants have proved more than that the stakes had been placed by the engineers, and the post holes dug, and some of the posts set, and perhaps some of the fence made. It seems that the defendants were authorized, before the act of 1848, (*Laws of* 1848, *ch.* 140,) to enter upon lands and make examinations and surveys for the purpose of selecting a route. (*Bloodgood* v. *Mohawk and Hudson Railroad Co.* 18 *Wend.* 9. *Rogers* v. *Bradshaw,* 20 *John.* 735. *Polly* v. *Saratoga and Washington Railroad Co.* 9 *Barb.* 458.) And this power was expressly given by the act of 1848, (*ch.* 140, § 19,) subject to responsibility for what damage might be done to the land. Although this company had been chartered before that act, its provisions were made applicable. (§ 46.) The plaintiffs must be considered as having an

interest, under the 20th section of the same act. (*And see Ledyard* v. *Butler*, 9 *Paige*, 136.) If the defendants, at the time the mortgage was given, were doing nothing or very little more than they. were authorized to do, without first obtaining title, their acts were not notice of title to a *bona fide* purchaser. Possession no doubt is sufficient to put a party upon inquiry. (*Taylor* v. *Stibbert*, 2 *Ves. Jr.* 440, *and notes. Daniels* v. *Davison,* 16 *Id.* 254. 3 *Sug. V. and P.* 452, 468, 9. *Braman* v. *Wilkinson*, 3 *Barb.* 153. *Spofford* v. *Manning*, 6 *Paige*, 383. *Governeur* v. *Lynch*, 2 *Id.* 300. 4 *Kent's Com.* 179. *Fort* v. *Burch*, 6 *Barb.* 78.) But it is not every act upon land that constitutes possession, for the purpose of notice. (*McMechan* v. *Griffing*, 3 *Pick.* 149.) And in this state great reliance is placed upon the title as found recorded. (*Ledyard* v. *Butler, supra. Jackson* v. *How,* 19 *John.* 83. *Fort* v. *Burch, supra. And see Dey* v. *Dunham*, 2 *John. Ch.* 182 ; *S. C.* 15 *John.* 555 ; *Jackson* v. *Van Valkenburgh*, 8 *Cowen,* 260.) Upon the whole, I am inclined to the opinion, that the possession of the defendants was not sufficient to give notice to the plaintiffs, or put them upon inquiry. The latter were therefore, in this respect, *bona fide* purchasers. But were they *bona fide* purchasers as to all of the consideration? Where the question is, whether title passes, I think, notwithstanding a portion of the consideration is a pre-existing debt, the grantee may be considered a *bona fide* purchaser, under our law. But this is a case of mere security, and nearly three fifths of this mortgage was given to secure an old debt. The plaintiffs held the notes of Magill & Sons, and it does not appear that those notes were given up. On the contrary, the agent and clerk of the plaintiffs testifies that he applied to Magill to get security for them, and tried to pursuade him to mortgage real estate for such security. The point then is, whether a mortgage given to secure a pre-existing debt shall have preference over an unrecorded grant or release, given for a valuable consideration. In order to give the recorded conveyance a preference from that circumstance alone, it must be to a *bona fide* purchaser. It must be a purchaser for a valuable consideration paid or parted with, and in

the belief that the vendor had a right to sell, and without any suspicious circumstances to put him upon inquiry. (*Jackson* v. *Cadwell*, 1 *Cowen*, 641. *Willoughby* v. *Willoughby*, 1 *T. R.* 763. *Hardingham* v. *Nichols*, 3 *Atk.* 304. *Story* v. *Lord Windsor*, 2 *Id.* 630. *Swazie* v. *Burke*, 12 *Pet.* 11. *Durell* v. *Haley*, 1 *Paige*, 493. *Lupin* v. *Marie*, 2 *Id.* 169. 3 *Sug. V. and P.* 469. 2 *Story's Eq. Jur.* 1502.) It follows, that as against the defendants, the plaintiffs must be considered *bona fide* purchasers, only to the amount they paid or advanced in consequence of receiving the mortgage, ( *Williams* v. *Smith*, 2 *Hill*, 301.) And as to that, the land not conveyed to the defendants must be first sold.

Ordered accordingly.

[FRANKLIN SPECIAL TERM, February 10, 1852. *Hand*, Justice.]