By the Court.—Speir, J.
On the former trial of this case, the plaintiff, after having shown the fee to the premises to have been vested in Paddock, offered to-read in evidence the deed, or more strictly the assignment executed by Paddock, acknowledged and certified to entitle it to be read, conveying all his estate, subject to certain exceptions, to the plaintiff. The deed was' expressed to be “ for the consideration of one dollar tome in hand paid,” and also recited that it was executed under and by virtue of the statute concerning voluntary assignments, made pursuant to the application of an insolvent and his creditors, and in pursuance of an order made by a county judge.
The reading of the deed was objected to unless the plaintiff first proved the proceedings in the matter of the insolvency of Paddock. The court excluded it, and the plaintiff excepted.
The exceptions were heard at the general term, and the ruling was there affirmed. On appeal, a new trial was ordered. The case is reported in 54 N. Y. R. 210.
The only question before the court, as appears from, the reported case, was one relating to the exclusion of the deed before proof was given in the proceedings in the matter of the insolvency of Paddock. The plaintiff being non-suited upon the rejection of the deed, there was nothing else before the court. The court decided a s the proof of the deed properly preceded in the order of proof that of the oath of an assignee, by the insolvent-law, and as the oath without the deed was immaterial, the absence of that proof was no reason for non-suiting the plaintiff. Mr. Commissioner Reynolds adds, “that by the production of this deed the plaintiff established a prima facie title to the premises, and it should have been received in evidence.”
The case comes before us now with the admission of the deed in evidence as establishing a prima facie title *121 in the plaintiff, and with the plaintiff’s admission, that these proceedings in insolvency had before Lockwood were null and void. The plaintiff ’ s counsel relies upon the decision in 54 N. Y., as deciding that the deed by Paddock to Rockwell was sufficient of itself, and without the aid of any insolvency proceedings, to vest the title in Rockwell. That question was not in the case before the court was called upon to decide whether proper and competent evidence had been excluded on the trial. It is quite plain to my mind, the deed in question would not have been executed and delivered to Rockwell except under and by virtue of the said proceedings. The grantee, Rockwell, is named in the deed as the person who has been nominated as assignee by the petitioning creditors, who signed the petition for Paddock’s discharge for the benefit of all his creditors. This instrument must be considered as a mesne assignment under the proceedings, and was in terms so understood by the parties. If the proceedings are admitted to be null and void, then it is plain that the assignment, being a part of the proceedings, must also be null and void ; this seems to be too plain for argument. The deed or assignment by itself, when offered in evidence, was prima facie valid, and was therefore properly admitted, out if all the proceedings are void for want of jurisdiction, the assignment must fall with the rest (Vose v. Cockroft, 44 N. Y. 415 ; Homan v. Brinckerhoff, 1 Den. 184 ; Garnes v. Stiles, 14 Peters, 823 .
It is claimed that although the proceeding is void, the assignment is voluntary, and if Paddock chooses to make the assignment, he should be bound by it. But the assignment is not voluntary. It is in inmtvm, compulsory, given to enable the assignor to obtain his discharge in these very proceedings, and without which, under the statute, he could not get his release. If the proceeding are void, there is no consideration to uphold the assignment, for it appears from a review of *122 the whole instrument that the intention was to execute the assignment as a part of the insolvent proceedings, and “ the one dollar” preliminary consideration will be deemed to be merely formal, and does not change the character of the deed (Morris v. Ward, 36 N. Y. 587).
Plaintiff’s exceptions should be overruled, and judgment ordered for defendants on the verdict, with costs.
Freedman, J., concurred.'