JANE HENDY, RESPONDENT, *v.* ALBERT G. SMITH,
APPELLANT, IMPLEADED, ET

*Recording act — the acknowledgment of the receipt of one dollar is sufficient to show the grantee to be a purchaser for a valuable consideration.*

In an action of ejectment the plaintiff and defendant each claimed title to the premises in question under a deed made by a previous owner. The deed to the plaintiff was dated May 14, 1883, and was recorded on that day, and the deed to the defendant was dated January 28, 1876, and was recorded April 5, 1886. In the plaintiff's deed the conveyance was expressed to have been made by the grantor, "in consideration of the sum of one dollar to him duly paid, and of natural love and affection."

*Held,* that it must be assumed that one dollar was paid upon the purchase and for the conveyance, and that the acknowledgment of the receipt of one dollar was sufficient to establish the plaintiff's relation as a purchaser in good faith and for a valuable consideration.

*Wood* v. *Chapin* (13 N. Y., 509, 517); *Webster* v. *Van Steenbergh* (46 Barb., 211) followed; *Morris* v. *Ward* (36 N. Y., 587, 594); *Duvoll* v. *Wilson* (9 Barb., 487); *Rockwell* v. *McGovern* (8 J. & S., 118; affirmed, 69 N. Y., 294) distinguished.

APPEAL from a judgment, entered on the verdict of a jury rendered at the Monroe Circuit, on November 18, 1887, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was in ejectment, brought against the appellant, and one Curran who went in possession of the premises under him as his tenant. The latter did not answer. The jury found a general verdict for the plaintiff, and found specially upon questions submitted to them, upon which judgment was directed for the plaintiff.

*J. A. Stull,* for the appellant.

*Jas. S. Garlock,* for the respondent.

BRADLEY, J.:

The parties claim title to the premises founded upon deeds made to them, respectively, by George Smith, the previous owner. The deed to the plaintiff was dated May 14, 1883, and recorded on that day. The deed to the defendant was dated January 28, 1876, and recorded April 5, 1886. The latter deed embraced this with other lands. The questions litigated at the trial were: 1. Whether the

deed to the defendant had been delivered to him by George Smith, the grantor named in it, at the time the deed was made to the plaintiff. 2. Whether the plaintiff was a purchaser in good faith and for a valuable consideration of the land covered by the deed to her. In addition to the general verdict for the plaintiff, the jury found specially upon questions submitted to them: First. That the deed of January 28, 1876, was delivered to the defendant before May 14, 1883. Second. That at or before the time of the delivery of the deed to the plaintiff, she had no knowledge or notice of the existence of the deed of January 28, 1876. As bearing upon the question of delivery of the deed to the defendant, evidence was given of his declarations and of statements, in his presence, of George Smith, after the time such deed to the defendant bore date, and after that to the plaintiff was made. And to the reception of such evidence the defendant's counsel excepted. While the evidence of such declarations was not admissible to destroy the operation and legal effect of the deed, it was competent for the plaintiff to prove, if she could, that such deed had not been delivered to the defendant, and, therefore, did not become operative. (*Jackson* v. *Chapin*, 5 Cow., 485; *Jackson* v. *Cary*, 16 Johns., 302; *Jackson* v. *Miller*, 6 Cow., 751; *Keator* v. *Dimmick*, 46 Barb., 158.) In view of the circumstances which the evidence permitted the jury to consider, the reception of the evidence was not error. But the consideration of this question does not seem important, inasmuch as the fact of delivery of the defendant's deed was found in his favor by the jury. The plaintiff's deed was recorded first, and her recovery was based upon the fact, which must be deemed found by the jury, that she was a purchaser in good faith and for a valuable consideration, and, therefore, that the defendant's deed was void as against her. (1 R. S., 756, § 1.) The defendant's counsel contends that such conclusions were not warranted. There was considerable evidence given by the defendant tending to prove that the plaintiff was advised of the deed to the defendant before the deed to her was made, all of which was contradicted by her testimony, and, in some respects, she was corroborated by the evidence of other witnesses. And she also testified that she had no knowledge or information that any such deed had been made to the defendant until after it had been recorded in April, 1886. Upon this conflict of evidence

that question of fact, for the purposes of this review, must be deemed disposed of by the verdict of the jury. The opportunity at the trial was better than here to correctly determine the truth of the matter.

In order to give to the plaintiff the character of a purchaser in good faith for a valuable consideration, it must appear that something was paid or parted with of pecuniary value for the property, that there was some new consideration for the sale and conveyance to her. (*Tiffany* v. *Warren*, 37 Barb., 571; *De Lancey* v. *Stearns*, 66 N. Y. 157.)

But for the purposes of the statute relating to the recording of conveyances, and to the effect of priority in that respect, the pecuniary consideration expressed, of which the receipt is acknowledged in such instruments, is *prima facie* evidence that such was the consideration actually paid. (*Jackson* v. *McChesney*, 7 Cow., 360; *Wood* v. *Chapin*, 13 N. Y., 509; *Page* v. *Waring*, 76 id., 469.) In the plaintiff's deed the conveyance is expressed to have been made by the grantor, " in consideration of the sum of one dollar to him duly paid, and of natural love and affection." And the question arises whether the acknowledgment of the receipt of one dollar is sufficient to establish the plaintiff's relation of a purchaser in good faith and for a valuable consideration. It is contended, on the part of the defense, that it is merely nominal and does not import such consideration so as to render the plaintiff a *bona fide* purchaser. It may be observed that the question is not one of adequacy, but of character of the consideration. And in view of the rule of evidence before stated, it must, we think, be assumed that one dollar was paid upon the purchase and for the conveyance. That would seem to be sufficient. (*Wood* v. *Chapin*, 13 N. Y., 509, 517; *Webster* v. *Van Steenbergh*, 46 Barb., 211.)

Our attention is called to no case holding to the contrary of this proposition. In *Morris* v. *Ward* (36 N.Y., 587, 594,) the question became important whether the deed of conveyance had the character of a gift by or a purchase from the grantor. And although it expressed a consideration of one dollar, and a meritorious consideration, as does the deed in question, it was held to be a gift because the conveyance was declared by a provision in the instrument to be an advancement. This, by way of construction, led to the conclusion

that the conveyance had no consideration other than meritorious, and consequently was a gift and not a purchase.

In *Duvoll* v. *Wilson* (9 Barb., 487), it was conceded that the five dollars consideration mentioned in the deed was merely nominal, and that no consideration was, in fact, paid. And in *Rockwell* v. *McGovern* (8 J. & S., 118; affirmed 69 N. Y., 294), the assignment there in question purported to have been made by an insolvent debtor, under the statute relating to voluntary assignments, etc., in trust for statutory prescribed purposes, and, therefore, no right was dependent upon the consideration expressed.

These cited cases have no necessary application to the question here. The plaintiff must be treated as a purchaser. No other question requires consideration.

These views lead to the conclusion that the judgment and order should be affirmed.

BARKER, P. J., and HAIGHT, J., concurred; DWIGHT, J., not voting.

Judgment and order affirmed.