## ROSENBAUM *v.* LAWSON.

### (*City Court of New York, General Term.* January 31, 1889.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—SALE BY ASSIGNOR—FRAUD.

To an action by the assignee of an insolvent debtor to recover the value of goods . from one to whom the debtor had sold them after the assignment, defendant may show as a defense that the debtor had obtained the goods from the owner shortly before the assignment by fraudulent misrepresentations, paying nothing for them, and that the latter, having threatened legal proceedings to recover them, defendant surrendered the goods to him.

Appeal from trial term.

Action by Simon M. Rosenbaum, assignee of the estate of Julius Cohn, an insolvent debtor, against Robert Lawson, to recover the value of goods sold defendant by said Cohn after the assignment. Verdict and judgment for plaintiff, and defendant appeals.

Argued before MCADAM, C. J., and NEHRBAS, J

*Martin & Smith,* for appellant. *Klebisch & Marks,* for respondent.

McADAM, C. J. The theory of the defense was that the goods were obtained by Cohn (the plaintiff's assignor) from Tillmans & Co., by fraud; that they were received by Cohn five days prior to his general assignment, and were not paid for; that neither the plaintiff nor defendant were *bona fide* purchasers of the goods, within the full meaning of that term, as neither parted with any value for them; and that Tillmans & Co. had the right to rescind the sale to Cohn, on account of the fraud, and to pursue their goods, and reclaim them wherever they were found; that, as the goods were traced to the possession of the defendant, and he was threatened with legal proceedings by Tillmans & Co., to which he could make no successful defense, he surrendered to them the goods. In other words, he did voluntarily that which the law would otherwise have required him to do. This theory, if proved to be true, made out a complete defense to the present action. This conclusion is the result of the following legal principles: (1) The plaintiff, as assignee for the benefit of creditors, was not a *bona fide* purchaser of the property from Cohn. He succeeded to whatever rights Cohn had; nothing more. Bish. Insolv § 292; *Goodwin* v. *Wertheimer,* 99 N. Y. 149, 1 N. E. Rep. 404. (2) As the defendant paid the plaintiff nothing for the property, he did not acquire the rights of a *bona fide* purchaser in respect thereto. *Merritt* v. *Railroad Co.,* 12 Barb. 605; *Spicer* v. *Waters,* 65 Barb. 227. If he had paid the plaintiff for the goods without notice of Tillmans' claim, his title would have been indefeasible. *Paddon* v. *Taylor,* 44 N. Y. 371. As he did not, it was not. (3) If Cohn obtained the property by fraud from Tillmans & Co., that firm had the right to rescind the sale, and recover the possession of their property from Cohn, his assignee, or his vendee, neither having paid anything for it. *Goodwin* v *Wertheimer,* 99 N. Y. 149, 1 N. E. Rep. 404. The rule is that no one can transfer a better title than he himself possesses, (*Barnard* v. *Campbell,* 55 N. Y. 461,) and, there being no estoppel or money paid, the rule stated applies to this case. (4) As the Tillmans could have recovered the possession of the goods from the defendant, he had the right to comply with their demand for possession by surrendering the goods to them, the defendant taking the risk of being able to prove in justification that the property was theirs. *Sweetman* v. *Prince,* 26 N. Y. 224; *Burt* v. *Dewey,* 40 N. Y. 283; *Bordwell* v. *Collie,* 45 N. Y. 494. The defendant, upon the trial, attempted to prove that the property belonged to the Tillmans; that Cohn obtained possession of it by fraudulent representations; but nearly all the evidence was ruled out under exception by the defendant. Even the evidence proving that the defendant surrendered the goods to the Tillmans was stricken out. This was error, for without the surrender or capture of the goods by

the true owner, the defendant had no defense.    There must be a new trial of this action, at which the evidence of fraudulent representations must be received, together with proof of their falsity, and any circumstances establishing or tending to establish fraud in the original purchase by Cohn.    This is material to the determination of the question whether the Tillmans retained or parted with their title, and whether they had not the right to rescind the sale to Cohn and reclaim their property, even in the hands of the defendant. Under the defense, which was sufficiently pleaded, the court ought to have received any evidence that would have been competent if the action had been brought by the Tillmans against Cohn, for the defendant occupies no better position, as neither he nor the plaintiff paid anything for the property.    The equities between the parties are open to full inquiry.    The defendant, by surrendering the property to the Tillmans, connected himself with their title, and had the right to plead it in defense of the present action.    In this respect the case differs from *Duncan* v. *Spear*, 11 Wend. 54; *Stowell* v. *Otis*, 71 N. Y. 36, and kindred cases.    If the Tillmans had brought an action to recover their property, the complaint would have alleged title in them, and conversion by the defendant, and, under the plea of the general issue, the question of fraud in inducing the sale under which Cohn derived possession, could have been litigated, the pleadings being sufficient to admit the proofs.    *Hunter* v. *Machine Co.*, 20 Barb. 493; *Bliss* v. *Cottle*, 32 Barb. 322.    As the plea of title in the Tillmans would have been sufficient to admit evidence of Cohn's fraud, if they had prosecuted him, we think a similar plea by the defendant, alleging title in them, and a recognition of that title, sufficient to admit evidence establishing the same facts.    For the reasons stated the judgment appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event.

All concur.