MARIA TEN EYCK et al., Appellants, v. CATHERINE A. WIT-
BECK et al., Respondents.

One who acquires title to valuable property for a merely nominal money
consideration, although actually paid, but under circumstances indica-
ting a gift or advancement, is not within the meaning of the Recording
Act (1 R. S. 756, § 1) "a purchaser for a valuable consideration," and
his deed, although recorded, conveys no title as against a prior unre-
corded conveyance of the same property. The consideration must not
only be good, but valuable, in the sense that a fair equivalent is given
for the property granted, in order to constitute the grantee a purchaser
for value.

In 1871 T., through an intermediate grantee, conveyed a farm to his wife.
In 1877 he executed to his daughter W., defendant, a deed of the farm,
which was worth $20,000. The deed stated the consideration to be ten
dollars (which sum was in fact paid), and also the annual payment to
the grantor during his lifetime of the entire net proceeds of the farm,
and thereafter one-third of such proceeds to his wife during her life-
time, if she survived him, one-third to another daughter for the same
period, and of one-half to her after the death of both parents. The
grantee was given power to sell the property after the mother's death,
and if sold, the use of one-half the proceeds was to be paid to the sister
during life, the principal to be controlled and managed by W. T. con-
tinued in possession of the farm until his death, and thereafter it was
occupied by his widow and daughter until the death of the former,
when W. took possession. The widow, after her husband's death, con-
veyed the farm to plaintiffs. W.'s deed was recorded in 1879; the deed
to plaintiffs in 1883. In an action of ejectment, *held*, that while the
consideration of W.'s deed rendered it good as between the parties, she
was not "a subsequent purchaser for value," within the meaning of
the statute, and her deed, although first recorded, constituted no bar to
the maintenance of the action.

*Webster* v. *Van Steenburgh* (46 Barb. 211); *Hendy* v. *Smith* (49 Hun, 510),
overruled.

(Argued May 2, 1892; decided October 4, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the third judicial department, entered upon an order
made July 11, 1891, which affirmed a judgment in favor of
defendants, entered upon a verdict.

This was an action of ejectment.

The facts, so far as material, are stated in the opinion.

*Nathaniel C. Moak* and *J. H. Clute* for appellants.   The General Term erred in deciding as matter of law that the payment of ten dollars to the grantor, the father of defendant Catharine A. by the husband of said defendant, even if he paid it, on her deed being first recorded, under the statute, constituted a bar to the action.  (1 R. S. 756, § 1; *Pratt* v. *Foote*, 9 N. Y. 463; 10 id. 599; *Beach* v. *Smith*, 30 id. 131; 103 id. 688; *Fort* v. *Burch*, 6 Barb. 60; *Spicer* v. *Waters*, 65 id. 231–2; *Pickett* v. *Barros*, 29 id. 505, 508; *DeLancy* v. *Stearns*, 66 N. Y. 161–2; *Harris* v. *Norton*, 16 Barb. 265, 267; *Dickerson* v. *Tillinghast*, 4 Paige, 215, 221–2; *Rhoades* v. *Canfield*, 8 id. 547; *Frost* v. *Beekman*, 1 Johns. Ch. 288, 303; *Boone* v. *Chiles*, 10 Pet. 211; *Wormley* v. *Wormley*, 8 Wheat. 449; *Brown* v. *Welch*, 18 Ill. 346; *Roseman* v. *Meltes*, 84 id. 297; *Spurlock* v. *Sullivan*, 36 Tex. 516, 517; *Everts* v. *Agnes*, 4 Wis. 354; *Worthy* v. *Caddell*, 76 N. C. 82.)   The clause in the deed by Peter W. Ten Eyck to defendant, Catherine Witbeck, that the net rents and profits of the real estate conveyed should during his life be paid to him, and after his death one-third to his widow and a portion to plaintiff Maria during her life, did not, within the cases above cited, make defendant a purchaser in good faith and for a valuable consideration.  (*Strikwell* v. *Conillard*, 129 Mass. 233; *Langdon* v. *Mayor, etc.*, 6 Abb. [N. C.] 321.)   Defendants could only succeed *secundum allegata.*   One who claims as a purchaser in good faith must plead all the facts showing he is, and must prove them on the trial.  (*Day* v. *New Lots*, 107 N. Y. 154–5; *Clark* v. *Post*, 113 id. 18, 27; *Neudecker* v. *Kohlberg*, 81 id. 296; *Weaver* v. *Barden*, 49 id. 286, 298–9; *Boone* v. *Chiles*, 10 Pet. 211, 212; *Harris* v. *Norton*, 16 Barb. 265, 267; *Jewett* v. *Palmer*, 7 Johns. Ch. 65; *Dick* v. *Doughten*, 1 Del. Ch. 320, 326; *Gilder* v. *Gilder*, Id. 331, 338, 339; *Wormley* v. *Wormley*, 8 Wheat. 449.)

*Matthew Hale* for respondents.   Defendants were entitled to a verdict on the ground that the defendant Catherine Witbeck was a purchaser in good faith and for a valuable con-

sideration of the real estate in question, and that her deed
was first recorded. . (1 R. S. 756, § 1; *Hendy* v. *Smith*, 49
Hun, 510; *Wood* v. *Chapin*, 13 N. Y. 509.) The other con-
sideration expressed in the deed, namely, the obligation on
the part of the grantee to collect the proceeds of the property,
to pay the expenses and taxes, and to pay over the proceeds,
is sufficient to sustain the claim of defendant Catherine Wit-
beck, as a purchaser in good faith and for a valuable con-
sideration within the meaning of the Recording Act. (*Trotter*
v. *Hughes*, 12 N. Y. 74; *A. D. Co.* v. *Leavitt*, 54 id. 35;
*Post* v. *W. S. R. R. Co.*, 123 id. 580.) The court properly
denied the request of plaintiffs to direct a verdict in their
favor. (*Elwood* v. *W. U. T. Co.*, 45 N. Y. 549.) The plain-
tiffs' requests to charge were not made in such a way that the
exceptions taken to the alleged refusals thereof can be con-
sidered by this court. (*Tinkham* v. *Thomas*, 2 J. & S. 236.)

MAYNARD, J. The single question presented by this appeal
relates to the rights of the parties under the Recording Act.
The property in controversy is a farm in the town of Coey-
mans concededly worth $20,000. Peter W. Ten Eyck is the
common source of title. The plaintiffs claim under a deed
prior in date; the defendant Catherine Witbeck under a deed
prior in registry. The plaintiffs' conveyance is declared by
statute to be void as against the defendant, providing she was
a purchaser in good faith and for a valuable consideration.
In the sense that she had no notice of the existence of the
prior deed, the *bona fides* of her purchase is not disputed.
The issue is, therefore, narrowed to the question whether she
was a purchaser for a valuable consideration. The deed was
executed July 7, 1887. The grantor was her father, and it
recited a consideration of ten dollars and the annual payment
to the father during his lifetime of the entire net proceeds of
the farm, and of one-third of such proceeds to his wife during
her lifetime, if she survived him, and of one-third thereof to
another daughter for the same period, and of one-half of such
proceeds to her after the death of both parents. The grantee

was given power to sell the property after the mother's death, and, if sold, the use of one-half of the proceeds of sale should be paid to the sister during her life, but the principal should be managed and controlled by the defendant. It was proved that ten dollars in money was actually paid by her to her father at the time of the execution of the deed. Peter Ten Eyck's family then consisted of his wife and two daughters who lived with him upon the farm, except the defendant Mrs. Witbeck, who lived with her husband upon another farm in the same town. Immediate possession was not taken by her under her deed, but her father, with the rest of the family, continued to reside upon the farm, and, by himself and tenants, to manage and control it until his death in 1883, after which it was in the same manner occupied by the mother and unmarried daughter until the death of the mother in 1885. In September, 1871, Ten Eyck, through an intermediate grantee, conveyed this property to his wife, who, in January, 1883, conveyed it to the plaintiffs. The defendant's deed was recorded December 5, 1879, but Mrs. Ten Eyck's deed, under which the plaintiffs claim, was not recorded until February 21, 1883.

After Mrs. Ten Eyck's death, the defendant took possession and the plaintiffs brought this action in ejectment. The defendant challenged the validity of the plaintiffs' title, upon the ground of the mental incompetency of Mr. Ten Eyck, and the undue influence of his wife over him when the deed to her was executed, and of its alleged non-delivery, as well as the non-delivery of the deed from Mrs. Ten Eyck to the plaintiffs; and upon the further ground that Mrs. Ten Eyck's deed was void as to defendant, under the Recording Act.

The trial court held that the defendant was not a purchaser for a valuable consideration, and was not, therefore, within the protection of the statute; but submitted to the jury the question whether the deeds, under which plaintiffs claimed, had ever been delivered; and whether Peter W. Ten Eyck was of sound mind and free from undue influence when he executed the conveyance to his wife. The verdict was for the

defendant, and the General Term intimate very plainly that, in their opinion, it was not supported by the evidence, and that they would have set it aside were it not for the decision of the General Term in the fifth department in the case of *Hendy* v. *Smith* (49 Hun, 510), which holds that a grantee for a consideration of one dollar paid, is a purchaser for a valuable consideration, as the terms are used in the Recording Act. They felt constrained to regard this authority as controlling, and to hold, as matter of law, that the defendant had a superior title because of the prior record of her deed, and that the verdict and judgment were, therefore, right. The order of affirmance states that, but for the Recording Act, the judgment appealed from would have been reversed.

From the relationship of the parties; the recitals in the defendant's deed; and the circumstances attending its execution, as disclosed by the evidence, it is, we think, apparent that she cannot be regarded as a purchaser for a valuable consideration, so as to avoid the effect of the plaintiffs' prior conveyance. While every legal mode of acquisition of real property, except by descent, is denominated in law a purchase, and the person who thus acquires it is a purchaser, it is evident that the word is used in this statute in a much more limited sense. It is there applied only to such grants of real estate as are obtained for money, or some other valuable consideration. It denotes a buyer of property and has reference to one of the actors in a transaction of bargain and sale, which is presumably controlled by commercial considerations.

We think it would be a perversion of language to say that a father, who had conveyed to a daughter property of the value of twenty thousand dollars for no greater sum than ten dollars paid, had sold the property to his child, or that she had bought it of him. The transfer would be recognized by the popular, as well as the judicial mind, as possessing all the essential qualities of a gift. It has been frequently so held. In *Hayes* v. *Kershow* (1 Sand. Ch. 265) the consideration recited in the deed was one dollar paid and love and affection, and the vice-chancellor said that this nominal sum was not

such a valuable consideration as would support a bargain and sale.

In *Duvol* v. *Wilson* (9 Barb. 487), the conveyance was to the grandchildren of the grantor, and recited a consideration of five dollars paid; and it was held that it was not sufficient to support a covenant to stand seized.

In *Morris* v. *Ward* (36 N. Y. 587) the conveyance was to a granddaughter and recited a consideration of one dollar paid and natural love and affection, and this court held that it was an advancement and not a sale, and that the grantee took as donee and not as purchaser, and that it was competent, when the whole instrument shows the money consideration to have been intended as nominal merely, to give effect to such proof and to the intention which it indicates.

It is true that in these cases it was assumed, or conceded, that the nominal money consideration expressed had not been actually paid; but we do not understand that any emphasis was placed upon that fact. The decision in each case seems to have been put upon the ground that the nominal was not the real consideration.

In the case before us every feature of the transaction is indicative of a gift. The grantor was eighty-two years of age, and the grantee was his eldest daughter. He was evidently conscious that the end of his life was near and desired to make some final disposition of his real property for the benefit of his family through the medium of this daughter, in whom, for the time being, he seems to have had especial confidence. If in the full possession of his mental faculties, he must have known that he had previously conveyed the property to his wife. Apparently there was a struggle between the different members of his household for the possession and control of the farm, which destroyed that quietude and repose so grateful to old age. He may have thought that in this way he could appease both factions, trusting that each might remain in ignorance of the status of the other until he died, when the result of the complications which he had created would be a matter of indifference to him. But we need not speculate as

to his motives. We must deal with the fact of the execution of the later deed as we find it on the record, and the extent and quality of its consideration as shown by the proofs. It is plain that the real consideration which the grantor had in mind when he made the conveyance was not the receipt of an insignificant sum of money, but the provision which he was thereby making for the benefit of the different persons who composed his family, and all of whom had just claims upon his bounty. By its terms no one in fact would enjoy the use of the property until after his death, for he reserved to himself the entire net rents and profits during his lifetime. The instrument was, therefore, most emphatically of the character, and intended to take the place of, the usual testamentary distribution of a decedent's property.

So far as the cases of *Webster* v. *Van Steenburgh* (46 Barb. 211) and *Hendy* v. *Smith* (*supra*) hold a contrary doctrine they do not have our approval.

On the other hand, the cases of *Fullenwider* v. *Roberts* (4 Dev. & Bat. 278); *Worthy* v. *Caddell* (76 N. C. 82); *Upton* v. *Basset* (Cro. Eliz. 445); *Doe* v. *Routledge* (Cowp. 705), and *Metcalfe* v. *Pulvertoft* (1 Ves. & Bea. 183), so far as they hold that a purely nominal consideration is insufficient to protect the subsequent purchaser, are in harmony with the views we have expressed.

We deem it unnecessary to undertake to determine here what degree of adequacy of price is required to uphold a subsequent deed first recorded. Upon this branch of the case we have no occasion to go, farther than to hold that a small sum, inserted and paid, perhaps because of a popular belief that some slight money consideration is necessary to render the deed valid, will not of itself, satisfy the terms of the statute, where it appears upon the face of the conveyance, or by other competent evidence, that it was not the actual consideration. Where the subsequent conveyance is a mortgage, and only part of the consideration paid, there can be but little difficulty in properly adjusting the equities of the parties, for the mortgagee can then be considered as a *bona fide* purchaser, *pro*

*tanto,* and the mortgage enforced to the extent to which he has parted with value upon the faith of it.   (*Merritt* v. *Northern R. R Co.,* 12 Barb. 605 ; *Pickett* v. *Barron,* 29 id. 505 ; *Williams* v. *Smith,* 2 Hill, 301 ; *Stalker* v. *McDonald,* 6 id. 96 ; *Peabody* v. *Fenton,* 3 Barb. Ch. 451.)

But in case of a deed having a mixed consideration, that is, partly valuable and partly good, such a rule would be difficult of application, if not impracticable, and no case has been cited where the question has arisen in that form.   There is an *obiter* remark by Judge HAND, in *Merritt* v. *Northern R. R. Co.,* that such a grantee may be considered a purchaser for value as to the entire title.   The point, however, is not involved in a case like the present, where the money consideration is purely nominal, or infinitesimal in amount, when compared with the value of the property granted, and is shown not to have been the real inducement of the grant.

It is proper to observe here that the good faith of a purchaser may be seriously impaired, if not destroyed, by the inadequacy of the price at which the property is offered by a person claiming to be its owner.   If the sum which the seller is willing to take is grossly disproportionate to the value of the thing which is the subject of the negotiation, it is strong proof of a defective title and sufficient to put a prudent man upon inquiry, and if the buyer neglects to diligently prosecute such inquiry, he may not be awarded the standing of a *bona fide* purchaser.

It may be said that this rule would not hold good where the relation of parent and child exists, because of the natural and laudable desire of the former to share his worldly possessions with the latter, which is merely equivalent to saying that the actual consideration in such cases is not a pecuniary one.

It is strenuously urged by counsel that the considerations expressed in defendant's deed, other than money, are sufficient to invest her with the title of a purchaser for value.   It is not important to determine how these provisions should be construed ; whether as reservations out of the property granted,

or as creating a trust for the benefit of the grantor and others, or as implied covenants on the part of the grantee to annually account for the net income of the property in the manner specified. Unquestionably, as between the parties, the defendant, by the acceptance of the deed, became bound to observe its conditions, and to render to the beneficiaries named their respective shares of the net rents and profits of the farm. But this was simply an obligation to account for the use of the property, which was the subject of the grant, and while it might be a good consideration for the conveyance, it was in no respect a valuable consideration as that term has been judicially defined. If, for any cause, the grant itself becomes nugatory, the covenant ceases to be operative. In order to give effect to the promise, effect must be given to the deed, and if the defendant is deprived of the land, she is relieved from the obligation which she assumed on the faith of the grant. (*Dunning* v. *Leavitt* 85 N. Y. 30; *Rice* v. *Goddard*, 14 Pick. 293.)

There is a wide distinction between a good and a valuable consideration, when the latter term is used in the statutes defining the rights of a subsequent purchaser. Blood, love and affection, future support, a precedent indebtedness and the like, are, either of them, sufficient as a consideration between the parties, but neither is potential enough to override the prior equities of others in the property conveyed.

The phrase " a purchaser in good faith and for a valuable consideration " is not peculiar to the Recording Act, but is one of frequent occurrence in the statutes. It can be found in the chapters on trusts (4 R. S. [8th ed.] p. 2437, §§ 51, 54); on powers (Id. 2451, § 132); on conveyances (Id. 2452, § 144), and on frauds (Id. 2593, § 5). It is an expression which has been borrowed from the language of courts of equity, and should be interpreted in the sense in which it is there understood. As pointed out by Chancellor Walworth, in *Dickerson* v. *Tillinghast* (4 Paige, 215), it has a curious and instructive history in connection with its introduction into the Recording Act. The English registry law made the prior unrecorded

deed wholly void as against the subsequent grantee, without reference to the question of notice, or the payment of value. Immediately, the Court of Chancery, with characteristic diligence, sought to relieve the earlier grantee from the hardship which the enforcement of the letter of the law might inflict, and, while respecting the command of the statute, which made his deed void at law, it invested him with an equitable title, which it declared should prevail over the legal title of the subsequent purchaser, if it appeared that he had notice of its existence, or did not part with value at the time of the purchase. This rule of judicial construction was incorporated by the legislature into the *lex scripta* in almost the identical words in which it had been phrased by courts of equity. A valuable consideration has been defined by writers upon equity jurisprudence as something "which the law esteems as an equivalent given for the grant, and it is, therefore, founded on motives of justice." (1 Story Eq. Juris. [10th ed.] § 354.) If the subsequent grantee does not give up any security, or divest himself of any right, or place himself in a worse situation than he would have been, if he had received notice of the prior equitable title or lien, previous to his purchase, he will not be permitted to retain the legal title to the injury of the prior grantee.

Or, as it was tersely stated by ALLEN, J., in *Weaver* v. *Barden* (49 N. Y. 291), a purchaser for a valuable consideration is a purchaser "for value paid." This limited application of the term is entirely consistent with the scope and purpose of the Recording Act, which was declared by the chancellor in *Dickerson* v. *Tillinghast*, to be the protection of those "who should part with their money, property, securities, or other valuable rights, upon the faith of a conveyance or mortgage of real estate, supposing they were getting a good title thereto or a legal or specific lien thereon without notice, or having any reason to believe that there was any previous mortgage or conveyance which could defeat such title or lien."

If the rejection of the later conveyance will leave the grantee in the same position, with respect to his property rights, as he

occupied before its execution and acceptance, he cannot be permitted to aid, however innocently, the fraudulent grantor in his effort to defeat a prior conveyance by him of the same lands. Where the grantee parts with nothing of substantial value, he must be satisfied if he receives nothing, because his grantor had nothing which he could honestly convey. The considerations, other than money, upon which the defendant relies, when submitted to this equitable test, fall far short of satisfying its requirements. If her deed is adjudged void, she has not lost or sacrificed anything which she possessed when it was executed, nor become incumbered with any promise or obligation, which will result in a future loss or sacrifice. She has, therefore, failed to establish her title as a purchaser for a valuable consideration.

Whether there was sufficient evidence to go to the jury upon the issue of fraud and undue influence in the execution of the deeds under which the plaintiffs claim, or of their non-delivery, we cannot now consider. The General Term has not yet passed upon that question.

The order appealed from should be reversed and the case remitted to the General Term for a review upon the facts, with costs to abide the event of the action.

All concur.

Ordered accordingly.