(128 App. Div. 178.)

RILEY v. ROBINSON et al.

(Supreme Court, Appellate Division, Second Department.   October 22, 1908.)

1. PRINCIPAL AND AGENT (§ 178*)—NOTICE TO AGENT—RELATION.

The vendor in a contract for sale of land, offering a conveyance from a third person having a tax title only, and being informed by the purchaser's attorney that the purchaser would not complete the purchase unless a quitclaim deed was obtained from the person holding the regular title, and that the record showed it to be in R., obtained such a deed to the purchaser from R., who told him before delivering it that she did not own the property, but had conveyed it to plaintiff, and he thereafter delivered such deed, with the deed from the holder of the tax title, to the purchaser. *Held*, that the vendor was not the purchaser's agent in securing the deed, and hence notice to him of plaintiff's title was not notice to the purchaser.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 680–684; Dec. Dig. § 178.*]

2. VENDOR AND PURCHASER (§ 236*) — BONA FIDE PURCHASERS — PAYMENT OF VALUE.

Where the purchaser paid an adequate consideration for land, but before he completed the purchase the vendor obtained a quitclaim deed to him from another of an outstanding record title, in addition to the deed from the vendor, any inadequacy in the price for the quitclaim would not render him not a purchaser for value, as the number of deeds was immaterial, and the two deeds could not be treated separately; the test of inadequacy of consideration being the amount paid for the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 572; Dec. Dig. § 236.*]

3. VENDOR AND PURCHASER (§ 236*) — BONA FIDE PURCHASERS — PAYMENT OF VALUE.

Where there was an outstanding tax title to land, a quitclaim deed thereof from one not claiming under the tax title was worthless, if the tax title was good; and, even if the tax title was doubtful, the value of the quitclaim deed was speculative, so that a consideration of $10 paid therefor would be adequate in either case.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 236.*]

4. VENDOR AND PURCHASER (§ 236*) — BONA FIDE PURCHASERS — PAYMENT OF VALUE.

Where a purchaser paid his vendor an adequate consideration for land, but, before completing the purchase, required him to procure a quitclaim deed from one having the record title, and the vendor himself paid for the quitclaim deed, but caused the purchaser's name to be inserted therein as grantee, the purchaser was not a purchaser from the grantor under the quitclaim deed, and any inadequacy of the consideration paid therefor would not make him not a purchaser for value from his grantor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 236.*]

5. VENDOR AND PURCHASER (§ 224*) — RIGHTS OF PARTIES — THIRD PERSONS — PRIORITY OVER UNRECORDED DEED.

Where a purchaser paid a valuable consideration for land, but before consummating the purchase required his vendor to obtain a quitclaim deed of an outstanding record title from a third person, he, having no notice that the quitclaim deed grantor had previously conveyed to plaintiff by an unrecorded lost deed, got priority by the quitclaim deed over the prior unrecorded deed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 469–473; Dec. Dig. § 224.*]

Woodward, J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Suffolk County.

Action by Nellie C. Riley against Carrie Robinson and another. From a judgment for defendant Hoefer, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Henry P. Burr, for appellant.

Albert C. Aubery, for respondent.

GAYNOR, J. This is a suit to determine title to unoccupied real property in Suffolk county between two conflicting claimants. It was conveyed to the plaintiff in 1895 by the owner of the legal title, the defendant Carrie Robinson, but the plaintiff failed to record her deed and lost it. In 1905 one Frazer offered to sell the land to the defendant Hoefer for $450, and Hoefer purchased it of him and paid him that sum therefor. The deed of conveyance offered by Frazer was by one Van Tassel, but Hoefer had no dealing with him. Van Tassel's title originated in a sale in fee of the property by the county treasurer of Suffolk county for unpaid taxes, and reached him through a chain of conveyances beginning with the grantee in the tax deed. The attorney who searched the title for the defendant Hoefer informed Frazer that Hoefer would not complete the purchase unless a quitclaim deed was obtained of the person in whom the regular title was, and informed him that the record showed it to be in Carrie Robinson. Thereupon Frazer obtained of her a quitclaim deed of the property to Hoefer, and delivered it to him with the said deed from Van Tassel. She testified that before delivering such deed to Frazer she told him that she did not own the property—that she had conveyed it to the plaintiff.

The learned trial judge was entirely right in refusing to find that notice to Frazer of the conveyance of the defendant Carrie Robinson to the plaintiff was not notice to the defendant Hoefer. Frazer was not his agent; on the contrary, their only relation was that of vendor and purchaser. Frazer undertook to give good title to Hoefer, and did it in his own way. He was not acting for Hoefer but for himself. There is no evidence whatever on which to base the relation of principal and agent between them.

The defendant was a purchaser without notice of the unrecorded conveyance, and also for a valuable consideration, which the statute makes necessary to give a recorded deed priority over a prior unrecorded deed. Taking the phrase "valuable consideration" to mean an approximately adequate consideration, all things being considered, including the purchaser's good faith, the defendant's case is within it, for there is no dispute that he paid full value for the land. It is only said that he did not pay such a consideration, within the meaning of the statute, for the quitclaim deed. But that deed cannot be treated separately. The defendant's vendor was obliged to give him a good title, and the number of deeds he delivered to that end does not matter; it remains that the defendant paid full value for the land. But if the question of an adequate consideration for the quitclaim deed separately had to be considered, it could not be said, with the tax

title outstanding, that the $10 paid for it was not adequate. If the tax title was good—which it apparently was—the quitclaim deed was worth nothing, and if it was doubtful—and that is the worst that can be said of it—the value of the quitclaim was speculative. The test of whether the defendant paid a fair or adequate consideration is not the amount paid by his vendor for the quitclaim deed, but the amount the defendant paid for the land. This is all on the theory of treating the defendant as a purchaser from the grantor in the quitclaim deed. But he had no dealings with her. His vendor obtained the quitclaim deed for the purpose of conveying title to the defendant, but caused the name of the defendant instead of his own.to be put in it as grantee.

The defendant therefore got priority by the said quitclaim deed over the prior unrecorded and lost deed—if it ever existed.

The judgment should be affirmed.

Judgment affirmed with costs. All concur, except WOODWARD, J., who dissents.

WOODWARD, J. (dissenting). In 1895 the defendant Robinson, being then the owner of the premises in question, conveyed them to the plaintiff, but the deed was not recorded and was subsequently lost. In 1900 said premises were conveyed by the county treasurer of Suffolk county pursuant to a tax sale to one Randall, and whatever title said Randall thus acquired passed by mesne conveyances to one Abram Van Tassel. The defendant Hoefer, through one Frazer as an intermediary, bargained for Van Tassel's title, and referred the matter to his lawyer, who, after making an examination, requested Frazer to procure a deed from said Robinson to said defendant Hoefer, and refused to approve the title unless that were done. Upon being applied to for a deed Robinson informed Frazer that she had conveyed the property to the plaintiff, but upon his assurance that a quitclaim deed did not amount to anything and was only wanted to straighten out the title, she executed a deed to said Hoefer which Frazer delivered. Thereafter the title was approved by the lawyer, a deed from Van Tassel to Hoefer was executed and delivered, and the agreed consideration therefor was paid.

The court found that Robinson made, executed, and delivered a deed to Hoefer on the 23d day of February, 1905, and that Van Tassel conveyed the premises in question to him on the 24th day of February, 1905. When the latter conveyance was made he held, for a nominal consideration only, the Robinson deed, and the character of his possession was not changed by the fact that but for it he would not have accepted and paid for the Van Tassel deed. The two conveyances were separate and distinct transactions. Robinson conveyed directly to Hoefer at the request of the latter's lawyer, and assuming, without conceding, that Frazer was not the agent of Hoefer in procuring that conveyance, he was but a mere intermediary. It is plain that said defendant, or the lawyer on his behalf, received the Robinson deed knowing that only a nominal consideration was paid therefor, and it is now settled that to constitute one a purchaser for a valuable consideration, within the meaning of the term as used in the recording

:act, substantial value, and not merely a nominal sum, must be paid.
Ten Eyck v. Witbeck, 135 N. Y. 40, 31 N. E. 994, 31 Am. St. Rep.
:809; Turner v. Howard, 10 App. Div. 555, 42 N. Y. Supp. 435.
Even though said defendant Hoefer is not chargeable with Frazer's
knowledge he cannot invoke the protection of the recording act for
a conveyance procured at his request, directly to himself, and for
which he knew that only a nominal consideration was paid his grantor.

Moreover, the surrounding circumstances are such as at least to
cast suspicion on the good faith of all the parties concerned in the
procurement of the Robinson deed. The fact that Robinson was will-
ing to execute a deed for a nominal consideration was sufficient to
put a prudent person on inquiry, notwithstanding the outstanding
tax title which was assumed to be invalid. Unless the defendant or
his lawyer was purposely blind, they would have been likely to in-
quire why Robinson was so willing to execute a deed. In Ten Eyck
v. Whitbeck, supra, the court, per Maynard, J., say:

"If the sum which the seller is willing to take is grossly disproportionate to
the value of the thing which is the subject of the negotiation, it is strong proof
of a defective title and sufficient to put a prudent man upon inquiry, and if
the buyer neglects to diligently prosecute such inquiry he may not be awarded
the standing of a bona fide purchaser."

While I do not say that the proof in this case requires a holding as
matter of law that the defendant was not a purchaser in good faith,
I do think that, in the absence of any explanation of the failure to
make inquiry respecting Robinson's willingness to give a deed for
a nominal sum, the evidence justified such a finding as matter of fact.

It appears to have been assumed on the trial that the tax title was
not valid. The court made no findings in respect thereto, but rested the
judgment on the finding that the defendant Hoefer was a purchaser
in good faith and for a valuable consideration of the Robinson title.
On a new trial the action should be treated as one to determine con-
flicting claims to real property, and all questions that may arise be-
tween the parties should be determined.

The judgment should be reversed on the law and the facts.