### ROSSITER v. VOGEL et al.

District Court, S. D. New York.
June 30, 1942.

Gilbert & Gilbert, of New York City (Francis Gilbert, of New York City, of counsel), for plaintiff.

O'Brien, Driscoll & Raftery, of New York City (Arthur F. Driscoll and Milton M. Rosenbloom, both of New York City, of counsel), for defendants.

COXE, District Judge.

This is a motion by the plaintiff for summary judgment in his favor.

The suit involves the renewal rights under the Copyright Act, 17 U.S.C.A. § 44, to a song entitled "Some Of These Days". The song was written in 1910 by Shelton Brooks, one of the named defendants. It was soon afterwards acquired and published by the plaintiff, who, on July 25, 1910, obtained a copyright for a term expiring on July 25, 1938. The validity of this copyright is not disputed.

The plaintiff now claims the renewal rights under an assignment from Brooks dated November 8, 1926. The defendants Jerry Vogel and Jerry Vogel Music Co., Inc., question the validity of the plaintiff's · assignment, and claim the renewal rights under an assignment from Brooks, dated July 7, 1937. The defendant Brooks has not been served with process, nor has he appeared in the suit.

The complaint asks judgment declaring that the plaintiff is the owner of the renewals, and directing the defendants to transfer such renewals to him.

The facts in the case are as follows: In July, 1910, the defendant Brooks wrote the words and music of the song. Prior to publication, the song was conveyed by Brooks to William Foster, trading as William Foster Music Co., for the purpose of publishing and copyrighting throughout the world. Foster published the song on July 6, 1910, and thereupon obtained copyright registration for a term expiring July 6, 1938. On the same day, namely, July 6, 1910, Brooks and Foster sold "all rights, title and interests" in the song to the plaintiff for $100.00. The plaintiff thereafter caused a new arrangement to be made of the song, which was published on July 25, 1910, and on the same day the plaintiff obtained copyright registration. On November 8, 1926, Brooks, by a written instrument, sold to the plaintiff for a consideration of one dollar "all rights, title and interest—and all copyright renewals thereof—in the song 'Some of These Days'." This instrument was not recorded in the Copyright Office until January 12, 1938.

The renewal copyright of the song was applied for and obtained by Brooks on July 7, 1937, and again on July 26, 1937. On the first of these dates, namely, July 7, 1937, Brooks entered into an agreement with the defendant Jerry Vogel, who admittedly was acting for the defendant Jerry Vogel Music Co., Inc., by which he assigned to that defendant "said renewal copyright" and agreed "to execute any further documents necessary to perfect said assignment in the Copyright Office." The agreement provided that Vogel would pay Brooks 50% of all monies received "from the sale and distribution of said musical composition." This instrument was recorded in the Copyright Office on July 12, 1937. The defendants Jerry Vogel and Jerry Vogel Music Co., Inc., assert that at the time of the execution of the instrument they had no knowledge of the prior assignment to the plaintiff.

■ 1. The plaintiff rests his entire claim to the renewal rights on the assignment from Brooks of November 8, 1926. Brooks, the author of the song, then had only an expectancy in the copyright renewal, which was contingent on his survival until July 7, 1937, the first day of the 28th year of the first copyright term. This expectancy was assignable (M. Witmark & Sons v. Fred Fisher Music Co., 2 Cir., 125 F.2d 949), and it passed to the plaintiff under the assignment of November 8, 1926. I do not think the Witmark case is to be distinguished on the ground that the assignment there contained the "traditional power of attorney to enforce its terms;" the present assignment was just as complete without such a power as it was with it.

■ 2. The defendants Vogel in their attack on the plaintiff's assignment of November 8, 1926, have submitted an affidavit by Brooks, in which he states that he executed the assignment to the plaintiff because the plaintiff told him that he needed it "to establish his claim to some foreign copyright", and that he was paid nothing by the plaintiff for signing the paper. Brooks has not appeared in the suit, and it is difficult to see how such general assertions can be stretched to create triable issues as between the plaintiff and the defendants Vogel, especially as these defendants have not set up affirmative defenses with respect to such issues in their answer.

■ 3. The question remains whether the defendants Vogel acquired any superior rights in the renewals under the recording section of the Copyright Act, 17 U.S.C.A. § 44. This section provides that every assignment of copyright shall be recorded in the Copyright Office within three calendar months after its execution in the United States "in default of which it shall be void as against any subsequent purchaser on mortgagee for a valuable consideration, without notice, whose assignment has been duly recorded". Whether the assignment of an expectancy in a copyright renewal is an "assignment of copyright" is not entirely clear. It is not necessary, however, to decide that question, for I am satisfied that the defendants Vogel were not subsequent purchasers "for a valuable consideration", and are, therefore, not entitled to the benefit of the section. Under the Vogel assignment of July 7, 1937, nothing of value was paid to Brooks; all that the agreement provided was that Vogel was given the exclusive right to publish and sell the song, paying to Brooks 50% of all monies received from such sale and distribution. This was merely an agreement to share profits and not the "valuable consideration" contemplated by the recording section. Ten Eyck et al. v. Witbeck et al., 135 N.Y. 40, 31 N.E. 994, 31 Am.St.Rep. 809; Weil

Copyright Law, p. 551. I do not think, therefore, that the denial by the defendants Vogel of knowledge of the prior assignment to the plaintiff presents any triable issue.

The motion of the plaintiff for summary judgment in his favor is granted, with costs.