## SUPREME COURT.

### ROGERS agt. WING.

On application and on payment of all damages and costs, as a matter of right, a party is entitled to a new trial in an action of ejectment. (*See Cooke vs. Passage*, 4 *How. Pr. R.* 360.)

*Warren Special Term, August* 1850. Application by the defendant for a new trial in ejectment, the judgment having been paid, pursuant to statute (2 *R. S.* 309). The action was commenced before the Code.

H. R. WING, in person, *for the Motion.*

E. H. ROSEKRANS, *for Plaintiff*, insisted that it was clear from the opinion of the court, given on a motion for a new trial, that the defendant had no defence; and that it was discretionary with the court whether a new trial should be granted; " shall " meaning " may," in such cases (§ 37).

HAND, Justice.—The court has no discretion. The statute is imperative that a party, on application and payment of all the costs and damages recovered, shall have a second trial (2 R. S 309 § 37; 2 *Paine & Duer's Pr.* 517; *Gra. Pr.* 676; Shaw v. Mc-Maren, 2 *Hill*, 417). " May" and " shall or may," and " shall and may," sometimes, are imperative, and sometimes discretionary (see Malcolm v. Rogers, 5 *Cow.* 193; Mayor of New York v. Furze, 3 *Hill*, 612; Rex. v. Com. Flockwood Inclosure, 2 *Chit. R.* 251; Hudd v. Ravenor 2 *B. & B.* 664; King v. Bailiffs of Eyre, 4 *B. & Ald.* 271; *Smith on Stat.* 724; *Dwarr. on Stat.* 712; 1 *Pet. U. S. R.* 64). But here it is " shall," and confers a right upon the party. The Code has made no change in this part of the practice (5 *Wend.* 101). Even in suits commenced under it. For, although the action of " ejectment" is not retained by that name, in actions for land, these provisions of the Revised Statutes apply. They are not inconsistent with the Code (§§ 455, 471; Cooke v. Passage, 4 *How. Pr. R.* 360). Motion granted.