## SUPREME COURT.

### BELLINGER agt. MARTINDALE.

Where a motion is made and denied without any leave given to renew it, the motion can not be again heard without first obtaining leave of the Court. And this relief can not be granted under the *general prayer*, as a legitimate object of the principal motion. The necessary facts must be shown, and the special relief asked for.

Under the 36th and 37th sections of the Revised Statutes, which allows new trials in actions of ejectment, one may be granted on payment of costs, &c., without showing any cause whatever, and one where the court is satisfied that justice will be promoted, &c., but no more than two new trials can be granted under this statute.

It was not the intention of the statute that *each party* should have two new trials, although one party should succeed at one trial and the other at the next.

*Madison Special Term,* 1853.

HIRAM DENIO, *for the Motion.*

MR. OWEN, *Opposed.*

GRIDLEY, Justice.—This is an application for a new trial in an action of ejectment under the 36th and 37th sections of the act entitled " Of the action of Ejectment " (2 *R. S.* 309). The 36th section declares that " every judgment in the action of ejectment rendered upon a verdict shall be conclusive on the party against whom it shall be rendered," &c. The 37th section

enacts that " the court in which such action shall be rendered, *shall* at any time within three years thereafter, on the application of the party against whom the same was rendered, on payment of costs, &c. *vacate such judgment, and grant a new trial in the cause;* and the court upon subsequent application, made within two years after the rendering of the second judgment *in said cause,* if satisfied that justice will be thereby promoted, and the rights of the parties more satisfactorily ascertained and established, *may* vacate the judgment and grant another new trial. *But no more than two new trials shall be granted under this section."* In the present case, the defendant had a verdict against him, and obtained a new trial on a bill of exceptions. A new trial was granted, and on that trial a verdict passed for the defendant, and a new trial was granted under this section on the application of the plaintiff. On a third trial the plaintiff succeeded, and obtained a verdict, which the defendant now seeks to vacate, without showing " *that justice will be thereby promoted,"* &c., *but simply as a matter of right under the statute.* The plaintiff however shows by affidavit, that a motion identical with this was made by the defendant about two years ago, and decided against him on the construction of the statute, with costs, which he paid without asking or obtaining leave to renew the motion; and that since the last trial, two of the plaintiff's material witnesses have died. Two questions are presented on the present motion.

1st. Can this motion be entertained, without first obtaining leave to renew it? 2d. Is it the true meaning of these sections to give a new trial to *each party,* without showing any cause for it, and then another new trial to each, for the advancement of justice, and for the purpose of more satisfactorily ascertaining the rights of the parties?

1. It is said in Dolphus vs. French (5 *Hill,* 493), by BRONSON, Justice, that a motion can not be renewed without first obtaining leave of court. In Mitchell vs. Allen (12 *Wend. 290),* SUTHERLAND, J., says " this motion can not be heard. It is the *settled practice* that a motion can not be renewed without leave of court," which decision is adopted by BRONSON, J., in the case first cited. Again, this principle was stated and acted on in Bascom vs.

Frazer (1 *How. Pr. R.* 16), where JEWETT, J., denies a motion with costs, on this precise ground. The present application is for an order, which was denied by the court in 1850, and without any leave granted or even asked for, to renew the motion; and I am compelled to say that the practice is so perfectly settled that this motion can not be granted, even if I were convinced that the former decision was erroneous. The repetition of the motion without law is alone a sufficient ground for denying it, and with costs also, because that is also the practice equally well settled, where the party knew of the former motion when he made his second one, as he did in this case. I do not doubt that I have the power to give him leave to renew the motion, on the denial of this application, just as I might have done on the decision of the former motion, had the request been made, and had it been a proper case. This relief, however, can not be granted under the *general prayer* as a *legitimate object of this motion,* for the reason that there are no facts in the moving papers on which to found this particular relief (5 *How. Pr. R.* 247; 3 *id.* 75). This general prayer is borrowed from the Court of Chancery, and the same rule of practice should be held to apply in the case of motions that prevailed in that court. There is a rule also that is especially applicable to motions, which forbids the granting of this relief as a legitimate object of the motion; and that is, that it is incumbent on the moving party to indicate in his motion, or his affidavit, distinctly, the ground on which he asks to set aside a proceeding, or to obtain any other relief; and motions have frequently been denied for this cause alone. The conclusion to which I have arrived is that the application must be denied with costs. But I could give the defendant a right to renew his motion, either on showing cause or not, as he should be advised, if I were satisfied that the decision of the former motion was erroneously decided.

That motion was decided on the authority of the case of Brown vs. Cuin (1 *Denio,* 665). It was *then* shown, as it is *now,* that the statement of the facts prefixed to the case was mistaken in one particular. Each party had obtained a new trial, under the sections in question, instead of the party who made the motion having previously obtained *two* new trials as is

stated in that case. The court, per JEWETT, Judge, puts the denial of the motion on the ground that no more *than two new trials* can be granted under the statute, thus endorsing the argument of the counsel, that two new trials having been granted before, the power under the statute was exhausted. If it were clear that the intent of the statute was to give *each party* an *equal number* of new trials, there would be good ground for doubting the correctness of this adjudication, notwithstanding the positive injunction contained in the statute, that no more than two new trials should be granted under that section. But we perceive by the notes of the revisers (3*d vol.* 709) to the three sections, 35, 36 and 37, that "those sections were prepared *to prevent the endless litigations in actions of ejectment.*" To extend the principle adopted in relation to military lots, decided in 5 *Cowen*, 207, it was provided by the sections as reported, that the court might grant a new trial when it should be satisfied that " *justice would be promoted and the rights of the parties more satisfactorily ascertained and established,*" adding, however, " *but not ' more than two new trials shall be so granted.*" The legislature adopted these sections, with the amendment that *one* new trial might be granted, on payment of the costs, &c., without showing any cause whatever; still, however, retaining the prohibition against granting more than two new trials under the sections in question. They doubtless supposed that one new trial without cause, and one on showing that the rights of the parties would be more satisfactorily ascertained, would afford an opportunity to explore the entire case on both sides, so that either party might with safety be left to the ordinary mode of obtaining a new trial by a bill of exceptions or a case. It would be not only against the literal reading of the statute, but would be quite a formidable provision to allow *four* new trials; that is, two to each party, in every action of ejectment, under the sections in question.