## SUPREME COURT.

### GORDON L. FORD agt. GEORGE L. SAMPSON.

Where the plaintiff alleges title, and that the premises are in possession of the defendant, and demands possession, an answer which merely denies possession of the premises does not put in issue the plaintiff's title, and no question of adverse possession arises in the case.

To form an issue of title upon the plaintiff's allegations, while a stranger was in possession, claiming the title, the defendant should have set up title in himself, or title out of the plaintiff.

*Second District, General Term, Poughkeepsie, May,* 1859.
*Present,* LOTT, EMOTT, BROWN *and* DAVIES, *Justices.*
APPEAL from judgment at special term.

By the court—BROWN, Justice. The parties to this action are owners of separate lots of ground, adjoining and upon the west side of Columbia street, in the city of Brooklyn, and this action is brought to recover a small gore of land six inches wide in the rear and running out to a point thirty-five feet easterly from the rear of the lots, and which the plaintiff claims is included within the lines of his lot, and is now in the possession of the defendant. The proof shows that the gore of land in controversy is within the defendant's enclosure and on his side of the division fence. George S. Howland owned

both the lots in the year 1841, and is the common source of title. He conveyed the plaintiff's lot to Wildes Thomas Thompson, by deed dated June 21st, 1842, who conveyed to William S. Wetmore by deed dated September 7th, 1848. William S. Wetmore conveyed to the plaintiff by deed bearing date April 19th, 1856. The title deeds of the defendant were not produced upon the trial, so that we do not see precisely when he or his grantors mediate or immediate enter into possession. If the question of adverse possession arose in the case, as the counsel for the defendant supposed upon the argument, this fact would have been important; but, in the view I shall take of the case, it cannot be of any consequence.

The complaint sets out the plaintiff's seizin in fee simple of the entire lot upon the westerly side of Columbia street, describing it by the same metes and bounds as those contained in the several deeds of conveyance to which I have referred, and then alleges that the defendant is in possession of a portion of the lot, being the gore in controversy, which is also described by metes and bounds. It also alleges that possession of the gore or small lot was demanded of the defendant, and that he refused and still refuses to deliver up the same to the plaintiff.

To these distinct and specific allegations the defendant answers that he denies that he was in possession of the premises claimed and described in the complaint. He also denies the demand of the possession, and the unlawful withholding thereof.

The title of the plaintiff is not put in issue by the pleadings, for nothing is controverted by the defendant's answer, but the defendant's possession, the plaintiff's demand of the possession, and the unlawful withholding thereof by the defendant. No question of adverse possession arises in the case, for if it was the design of the defendant to put in question the validity and force of the plaintiff's deed to pass the title to the lands in dispute, while a stranger was in possession, claiming the title, he should have framed his answer accordingly, and set up the

title in himself, or title out of the plaintiff, and thus the title would have been put in issue.

Both the surveyors concur that the plaintiff's deed covers the premises in dispute, and the letter of the plaintiff of the date of the 1st of July, 1858, and the defendant's reply thereto prove that the possession was demanded and refused.

Judgment should be entered that the plaintiff recover from the defendant the premises described in the complaint, with costs.