## SUPREME COURT.

### ERASTUS HARRIS agt. GUEVIRA M. WAITE.

*Action of ejectment — New trial — section 37 of 3 R. S. (5th edition), page 596.*

The court will not, in the exercise of its discretion, grant a third trial of an action to recover the possession of lands to a party who, upon the first trial before a justice without a jury, where the parcels were in dispute, was beaten as to one, but successful as to the other, and on the second trial, before a judge and a jury, was beaten as to both.

Under sections 36 and 37 of the Revised Statutes, which allow new trials in actions of ejectment, one may be granted on payment of costs, etc., without showing any cause whatever; and one where the court is satisfied that justice will be promoted, etc., but no more than two new trials can be granted under this statute.

After the two new trials allowed by statute, the unsuccessful party must be left to pursue the ordinary rights of a suitor by an appeal on a bill of exceptions or a case.

THIS is a motion for a new trial in an action to recover the possession of two parcels of real estate. Upon the first trial before justice MONROE, without a jury, the plaintiff recovered one parcel and defendant succeeded as to the other. The defendant then paid up the costs and took a new trial, which was had November, 1876, before justice HARDIN and a jury. The jury found for the plaintiff in both parcels. There was much evidence given as to the questions raised by the proceedings. It was conflicting. It was submitted to the jury and no exceptions to the submission and charge appear to have been taken by the defendants.

*C. D. Wright and L. H. Brown* for plaintiff.

*F. W. Hubbard* for defendant.

HARDIN, *J.*— This application is made by defendant for a third trial, under section 37 of 3 Revised Statutes (*5th ed.*), 596. The defendant obtains the second trial as a matter of

right, upon payment of costs (*Rogers* agt. *Wing*, 5 *How. Pr.*, 50 ; *opinion by* HAND, *justice*). He was beaten worse on the second trial than he was on the first, but that furnishes no reason for granting a third trial. It is settled that but two new trials can be granted under this section of the statute (*Bellinger* agt. *Martindale*, 8 *How. Pr.*, 113 ; *opinion by* GRIDLEY, *justice*).

This application is addressed to the judicial discretion of the court. Before it can be granted the court must be " satisfied " (1) " that justice will be thereby promoted," (2) and the rights of the parties more satisfactorily ascertained and (3) established.

According to the course of the trial it appears several disputed questions of fact arose, and much evidence upon either side was given, and the court submitted the questions of fact thus presented to the jury ; they found for the plaintiff, and there is no such preponderance of evidence in favor of the defendant as to lead the court to say, " that justice will thereby be promoted," by a conclusion upon such conflicting evidence, adverse to the jury. The views of judge ROBERTSON in *Wright* agt. *Milbank* (9 *Bosworth* 677) apply in this case, and favor a denial of the motion. It is clear a refusal of this motion leaves the defendant to pursue the ordinary rights of a suitor by an appeal from the trial judgment, and to have it reversed if any error of law was committed by the court, which shall be discovered by an appellate court, upon " a bill of exceptions or a case " (*opinion of* GRIDLEY, *justice*, 8 *How. Pr.*, 116).

The last trial occupied considerable time, and though the amount of the value of the land in controversy is very small there was a fair presentment of evidence by both sides, bearing upon all the questions of fact. It does not appear that justice requires a new trial, nor that the rights of the parties would be more fully ascertained or established by a new trial.

The motion must, therefore, be denied, with ten dollars costs.