TEN EYCK *et al. v.* WITBECK *et al.*

(*Supreme Court, General Term, Third Department.* July 11, 1891.)

BONA FIDE PURCHASER—UNRECORDED DEED—CONSIDERATION.

In 1871 T. conveyed his farm to his wife, who in 1883 conveyed it to plaintiffs. T.'s deed to his wife was never recorded, and in 1877 he conveyed the same premises to defendant, one of his daughters, in consideration of the sum of $10 and the grantee's undertaking to pay the net proceeds of the place to the grantor during his life, and after his death a certain portion thereof to his wife and other daughter. This deed was recorded in 1879. Defendant had no notice of T.'s prior unrecorded deed to his wife. *Held,* that defendant's recorded title must prevail, and that the payment of the sum of $10, and the implied promise of the grantee to pay the net proceeds of the farm for a time, as appointed by the grantor, constituted a sufficient consideration on her part for the conveyance.

Appeal from circuit court, Albany county.

Action by Maria Ten Eyck and Cornelius H. Slingerland against Catherine A. Witbeck and others. From a judgment for defendants, plaintiffs appeal.

Argued before LEARNED, P. J., and LANDON, J.

W. C. McHarg, (J. H. Clute and N. C. Moak, of counsel,) for appellants. C. M. Barlow, (Matthew Hale, of counsel,) for respondents.

LANDON, J. The complaint was in the nature of ejectment, although framed as in equity. Both parties claimed title to a farm in the town of Coeymans, Albany county; Peter W. Ten Eyck being the common source of title. On September 21, 1871, Peter W. Ten Eyck conveyed the farm, through an intermediary, John N. Carroll, to his wife, Elizabeth Ten Eyck. The deeds of conveyance were acknowledged on that day, and delivered, but were not recorded until January, 1883. The deeds expressed a consideration of $100, but none of it was paid. The farm was worth $20,000. Mr. and Mrs. Ten Eyck had two children,—the plaintiff Maria, and the defendant Catherine, wife of Peter A. Witbeck. Mrs. Ten Eyck, at the time of her marriage with Peter W. Ten Eyck, which occurred in 1835, had a son of a former marriage, Cornelius H. Slingerland, then nine years of age, now one of the plaintiffs. Mr. and Mrs. Ten Eyck had lived all their married life upon the farm, Cornelius living with them as a member of their family. He continued to live with them until he was 40 years of age. He was industrious, and after he

attained his majority substantially took charge of the farm and of his step-father's business. There is some evidence to the effect that Mrs. Ten Eyck brought to her husband $3,000 in money. After the deeds were made, Mr. and Mrs. Ten Eyck and their family lived upon the farm as before. The fact that Peter W. Ten Eyck had conveyed the farm to his wife was not divulged for some years. When the conveyances were made they both said they did not want them recorded, as they did not want the children to know about it. Mr. Ten Eyck, before they were made, told an old friend, and advised him that whatever he did would be found fault with; that he wanted peace; that he intended to deed or will his property to his wife, and let her give it to or divide it among the children as she thought best. At the time the deeds were made he was 76 years of age, and his wife 10 years younger. On July 7, 1877, Peter W. Ten Eyck executed, acknowledged, and delivered to the defendant, his daughter Catherine A. Witbeck, a deed of the same farm. This deed recites a consideration of $10, which was then paid, and recites: "Also in consideration of the party of the second part paying over to the party of the first part annually the net proceeds of the property" during his life, and, if his wife survived him, one-third thereof thereafter to her during her life, and another third thereof to his daughter Maria, if she survived him, during her life, and, if she also survived both, then one-half thereof during her life. This deed was recorded December 5, 1879. On January 9, 1883, Elizabeth Ten Eyck, wife of Peter W. Ten Eyck, executed, acknowledged, and delivered to the plaintiffs Maria Ten Eyck and Cornelius H. Slingerland a deed of the same farm. Peter W. Ten Eyck died in April, 1883, and Elizabeth, his widow, died in April, 1885. The defendant Catherine A. Witbeck obtained possession of the farm, and the plaintiffs bring this action against her and her tenants in possession.

There was some testimony given upon the trial by the defendants, with the view of showing that Peter W. Ten Eyck was of unsound mind; that he was unduly influenced by his wife to execute the deed to her in 1871; that the deeds to her were never actually delivered; also that the deed from Elizabeth to the plaintiffs was never delivered. We have examined all this evidence, and, although the learned judge submitted the questions of fact thereby suggested to the jury, and the jury thereupon found in favor of the defendants, we are constrained to say that, in our opinion, the evidence is utterly insufficient in that respect to sustain the verdict. It may be there is a *scintilla* of evidence in support of the surmise that Peter W. Ten Eyck was of unsound mind, that he was unduly influenced by his wife, that he never delivered the deed to her, and also that Elizabeth never delivered the deed to the plaintiffs, but of evidence substantially tending to establish either of these propositions we find practically none. The verdict, therefore, should be set aside as against the evidence, unless the defendant Catherine was entitled to recover as a matter of law under the recording act. The evidence shows that at the time her father delivered her the deed she had no notice of his prior unrecorded deed to his wife. As the defendant's deed was first recorded, if she was a purchaser in good faith and for a valuable consideration, her deed must prevail. 1 Rev. St. 756, § 1. As an original proposition, we should gravely doubt whether the payment of $10 would suffice to defeat the title of the prior grantee of a farm worth $20,000, although coupled with the implied promise of the later grantee to pay the net proceeds of the farm for a time, as appointed by the grantor. This doubt is strongly supported by two North Carolina cases, cited by the plaintiffs: *Fullenwider* v. *Roberts*, 4 Dev. & B. 278; *Worthy* v. *Caddell*, 76 N. C. 82, and the English cases therein cited. These cases are to the effect that a fair price is requisite, not necessarily a full one. But in *Hendy* v. *Smith*, 2 N. Y. Supp. 535, a case in which the consideration was only one dollar, the court, reviewing several cases in this state, sustained the deed first recorded, and held that the question was not one of the adequacy

of the consideration, but of its character. In the absence of any opposing decision in this state, we think we ought to follow as authority the case last cited. The present seems to be a stronger case for the recorded title than the case last cited, in that the implied promise of the grantee to pay the net proceeds as appointed by the grantor was valuable, (*Post* v. *Railroad Co.*, 123 N. Y. 580, 26 N. E. Rep. 7,) and relieved the consideration of the imputation of utter inadequacy. Judgment affirmed, with costs; but, if the plaintiffs desire it, the order entered may recite that, but for the recording act, we would have reversed the judgment.