HERRICK, J., concurred.

Judgment affirmed, with costs.

---

MARIA TEN EYCK and Another, Appellants, *v.* CATHARINE A. WHITBECK and Others, Respondents.

*Case remitted by the Court of Appeals for review upon the facts — effect of a former examination of the evidence — change in members of the General Term.*

In an action of ejectment, all parties claimed title through the same original owner, the plaintiff under deeds executed before the defendant's deed, but recorded later; the defendant claimed that the plaintiff's deeds were never delivered, and were obtained by fraud, and also that, by reason of not being recorded, they were invalid as against the defendant, a purchaser in good faith and for value; the jury rendered a verdict for the defendant, and the plaintiff appealed, the General Term held that the evidence was insufficient to show that the plaintiff's deeds were not delivered, or were obtained by fraud, but held, as matter of law, that those deeds were invalid as against the defendant under the Recording Act, and affirmed the judgment on the verdict on that ground. The plaintiff then appealed to the Court of Appeals, which court decided that the defendant was not shown to be a purchaser for a valuable consideration so as to avoid the effect of the plaintiff's prior conveyance, under the Recording Act, and remitted the case to the General Term for a review on the facts.

*Held,* that while, in view of its former decision on the same evidence as now before it, the General Term, although its members had changed, was not called upon to again discuss the case, yet, on a re-examination, it was confirmed in

its former opinion that the evidence was not sufficient to justify the jury in finding that the plaintiff's deeds were obtained by fraud, and, therefore, that a new trial should be granted on the ground of the trial judge's refusal to charge, as requested by the plaintiff, that the evidence on that question was insufficient.

CASE remitted by the Court of Appeals to the General Term for a review upon the facts.

The opinion of the Court of Appeals is reported 135 N. Y. 40, and ends thus:

" Whether there was sufficient evidence to go to the jury upon the issue of fraud and undue influence in the execution of the deeds under which the plaintiffs claim, or of their non-delivery, we cannot now consider. The General Term has not yet passed upon that question.

" The order appealed from must be reversed and the case remitted to the General Term for a review upon the facts, with costs to abide the event of the action."

Judgment was rendered for the defendants in the trial court, from which the plaintiffs appealed to the General Term of the Supreme Court, which affirmed the judgment, with costs. The order of affirmance provided that if the plaintiffs desired, the judgment might state that but for the recording acts judgment would have been reversed. An appeal was taken by the plaintiffs to the Court of Appeals from this order and judgment. The Court of Appeals reversed the order of the General Term and remitted the case to the General Term for a review upon the facts, with costs to abide the event.

*W. C. McHarg* and *J. H. Clute*, for the appellants.

*C. M. Barlow* and *Matthew Hale*, for the respondents.

PUTNAM, J.:

The complaint states a cause of action in ejectment. A denial of its material allegations was contained in the answer, and the issues thus formed were brought to trial at the Albany Circuit in 1889.

One Peter W. Ten Eyck was the original owner of the farm which is the subject of the action. On the 21st day of September, 1871, for the purpose of transferring it to his wife, Elizabeth, he executed a deed thereof to one John M. Carroll for a nominal con-

sideration, the latter, on the same day, transferring said premises to said Elizabeth Ten Eyck. Said Elizabeth, on January 9, 1883, conveyed said real estate to plaintiffs. Neither of said deeds were recorded until 1883.

The defendants claim that the title to said premises is in the defendant, Catharine A. Witbeck, under a deed from said Peter W. Ten Eyck, dated July 7, 1877, and recorded December 5, 1879.

The jury found for the defendants, and upon the verdict a judgment was entered against the plaintiffs for costs. The plaintiffs appealed, and the General Term affirmed the judgment. Defendants on the trial and on said appeal claimed that the deeds under which plaintiffs claim, not being recorded, were invalid as against the defendant Catharine, a purchaser in good faith and for value; also that the evidence established the fact that the deeds from Peter W. Ten Eyck to Carroll, and from the latter to Elizabeth Ten Eyck, were not in fact delivered; and that said transfers from Peter W. Ten Eyck to his wife, and from the latter to plaintiffs, were obtained by fraud and undue influence.

The case came before this General Term in 1891, the questions raised by said claim of defendants being before the court for decision. The General Term held that the evidence on the trial was insufficient to show that the deeds transferring the premises in question from Peter to his wife were not delivered, or to show fraud or undue influence in the conveyances under which plaintiffs claim title, but decided as matter of law that said conveyances were invalid as against defendants under the Recording Act. In the opinion delivered the following language occurs:

" We have examined all this evidence, and although the learned judge submitted the questions of fact thereby suggested to the jury, and the jury thereupon found in favor of the defendants, we are constrained to say that in our opinion the evidence is utterly insufficient in that respect to sustain the verdict. It may be there is a scintilla of evidence in support of the surmise that Peter W. Ten Eyck was of unsound mind, that he was unduly influenced by his wife, that he never delivered the deed to her, and also that Elizabeth never delivered the deed to the plaintiffs, but of evidence substantially tending to establish either of those propositions we find practically none."

The judgment which was directed by the justices sitting at said term contains the following clause: " It is hereby stated as part of said judgment of affirmance that but for the Recording Act the said judgment so appealed from would have been reversed."

The Court of Appeals, however, held that defendant, Catharine A. Witbeck, was not shown to be a purchaser for a valuable consideration so as to avoid the effect of plaintiffs' prior conveyance under the Recording Act, and thereupon sent the case back for a review on the facts.

As will be seen by the foregoing statement, the questions now submitted to us were properly before a former General Term, and were there passed upon and decided. This court having, after a deliberate and careful examination of the evidence, on the same case now before it, determined in favor of appellants the questions now again submitted, although its members have changed, could hardly be expected to reach a different conclusion at this time. If we are not concluded by the former determination, yet the opinion of the learned and experienced members of the former General Term may be deemed an authority, and entitled to be respected as such by us.

Under the circumstances, I do not think we are called upon to again discuss this case. I have, however, read and considered the evidence and the briefs of counsel, and I am unable to discover in the case any testimony whatever showing or tending to show mental incapacity on the part of Peter W. Ten Eyck, or undue influence or fraud in obtaining the deeds in question. Plaintiff Slingerland, is not proved to have taken any part in obtaining the transfer of the land from Peter W. Ten Eyck to his wife. For all that appears in the case such transfer was the uninfluenced act of the grantor in the carrying out of his previous intention, which he had communicated to the witness Callanan. It was not shown that Slingerland even knew of the transfer, and there is no proof, direct or indirect, that any person exercised any influence over the grantor in the matter.

Nor is there any satisfactory evidence indicating fraud or undue influence on the part of Slingerland or anyone else in obtaining the deed from Elizabeth Ten Eyck to the plaintiff. The declarations of Slingerland that he intended to or should have a deed of

the land in question do not indicate that he intended to obtain one by fraud or undue influence. It appears that he did not receive such a deed as he desired. If there was any fraud or undue influence it was for the defendants to show it. I think they failed to do so.

The question whether there was sufficient testimony on the trial, tending to rebut the presumptive evidence produced of the delivery of the deeds which transferred the title from Peter W. Ten Eyck to his wife, to justify a submission of the question of delivery, to the jury is more doubtful. There was evidence that after the alleged transfer the grantor, Peter W. Ten Eyck, with the knowledge and assent of Elizabeth, his wife, leased the premises in suit in his own name; there was also testimony of declarations of Mrs. Ten Eyck inconsistent with the fact of her ownership of the property.

But conceding that the trial judge might properly have submitted to the jury the question of the delivery of the said deeds, there not being, as above suggested, any competent evidence tending to show mental incapacity on the part of Peter W. Ten Eyck, or fraud and undue influence in obtaining such deeds, the judge should have withdrawn those matters from the jury. He was requested to charge that there is not sufficient evidence to justify the jury in finding that the deeds in question were executed by, through or under fraud or undue influence. Also that the evidence is not sufficient to justify the jury in finding that the said Peter W. Ten Eyck was not at the time of executing said deeds of sound mind and did not fully understand what he was doing and its effect. He declined to so charge and exceptions were duly taken.

I think plaintiff was entitled to have the jury instructed as requested, and on account of the refusal of the judge to so charge a new trial is necessary.

It follows that the judgment should be reversed and a new trial granted, costs to abide event.

HERRICK, J., concurred; MAYHAM, P. J., not acting.

Judgment reversed, new trial granted, costs to abide event.