Edward H. Monihan, Respondent, v. Thomas Liddle, as Sheriff, etc., Appellant.—Judgment affirmed, with costs.—

MAYHAM, P. J.: The complaint in this action charges the defendant, as sheriff, with wrongful taking and wrongful detaining from the possession of the plaintiff a large quantity of boots and shoes and store fixtures belonging to the plaintiff of the value of $800. The defendant, in his answer, denies the wrongful taking or detaining of the chattels described in the plaintiff's complaint, and sets up, by way of defense, the recovery of a judgment in the Supreme Court in favor of the P. Cox Shoe Manufacturing Company, for the sum of $646.04, against one Miles Cooling, and the docketing of that judgment in Montgomery county, where the goods were alleged to have been converted; the issuing of an execution upon the same against the property of Cooling, in whose possession the goods alleged to have been taken were, and that said property was seized and held under and by virtue of such execution. On the trial of this issue before the referee, it was stipulated in open court between the parties that the value of the goods was $610; that the allegations of the answer relating to the recovery of a judgment and the issuing of an execution thereon were true, and that the goods claimed in the action of replevin were the same goods taken by defendant under such execution. It appears from the case that, on the 11th of August, 1893, Cooling, the defendant in the judgment and execution, was the owner and in the possession of the stock of boots and shoes and of the fixtures in the store No. 65 East Main street, Amsterdam, N. Y., and at that time the plaintiff Monihan was an accommodation indorser on Cooling's notes in the bank for $2,360; that such notes were payable to the order of Bridget Cooling, and indorsed by her as the first indorser and by Monihan as the second indorser. The case discloses that Bridget Cooling had no property except a life estate in a house, and that prior to the eleventh of August, Bridget Cooling had mortgaged her interest in the house for $800. On that day Cooling executed a bill of sale of the goods and fixtures in the store to Monihan, the respondent, who thereupon agreed, as the referee finds, to assume and pay notes indorsed by him, in the Farmers' National Bank, for $1,560, and a note held by one Ehmer for $100, and to assume and pay $117, rent due Mrs. Parr. The goods at that time were valued at $1,300, and there is evidence in the case that Monihan's agreement to assume these liabilities was in writing. The referee finds that immediately upon the execution of the conveyance of the goods and fixtures by the bill of sale, the plaintiff took possession of the same and continued in possession up to the 17th day of January, 1894, when the goods were seized by the defendant on executions against Cooling. Upon an examination of the evidence in this case, we think it sufficient to support these findings of the referee as findings of fact. There seems to be no controversy in the evidence that Monihan actually assumed and subsequently actually paid the obligations, which were just debts of Cooling, to the amount specified in the findings of the referee. The evidence discloses that at the time Cooling executed this bill of sale, and transferred the property to Monihan, he was entirely insolvent, and that he owed other debts to other individuals and firms aside from his indebtedness to Monihan. It is insisted on the part of the appellant that Cooling's transfer of these goods to Monihan was in fraud of the rights of other creditors, and

that it was done for the purpose of hindering and delaying the other creditors of Cooling in the collection of their just debts. But the referee finds, and we think upon sufficient evidence, that there was a good and valid consideration for the transfer, and that at the time of the transfer of these goods to Monihan they were not sufficient to pay Cooling's indebtedness to Monihan, and that Monihan, on taking possession of them, insured them in his own name, placed in the store other goods, increasing the stock, took out a lease in his own name for the store in which the goods were being sold, and in all respects conducted the business as his own. On the other hand, it is insisted that Cooling conducted the business in the same manner as he had conducted it before, and that there was no actual and continued change of the possession of the goods, such as is required by the Statute of Frauds, to pass the title as against the creditors of Cooling. Under the evidence in this case we think it was a question of fact for the referee to determine in whose possession the goods actually were, and, having found that they were in the possession of Monihan from the time of the sale to him until the levy by the defendant, that finding as a question of fact cannot be disturbed on this appeal. On the whole case, we think the evidence fully sustains the conclusions of the referee, both of fact and law, and that the judgment must be affirmed.

Putnam and Herrick, JJ., concurred.

Maria Ten Eyck and Another, Respondents, v. Catharine A. Whitbeck and Others, Appellants.—Judgment affirmed, with costs.—

*Mem.* by HERRICK, J.: This case has been before the court several times (39 N. Y. St. Repr. 634; 135 N. Y. 40; 69 Hun, 450), and most of the legal questions have been eliminated. On both occasions, when it was before the General Term of this department, there was a thorough examination of the facts. The additional evidence elicited upon the trial now under review does not seem to me to change in any essential particular the facts as they appeared when the case was last under consideration by us. Upon the question of delivery, in addition to the presumption of delivery which arises from the possession of the instrument by the grantee, there is positive evidence, *first,* of the delivery of the deeds at the time of their execution, and, *second,* of their having been seen in the actual possession of the grantee, Mrs. Ten Eyck, several years after their execution and before their recording. The circumstances relied upon to overcome the presumption of delivery do not appear to me to have been sufficient to warrant the submission of that question to the jury. The case was tried by the same justice who examined the case and wrote the opinion when it was first before this court, upon appeal (39 N. Y. St. Repr. 634), and his discussion of the evidence on the question of delivery, and of undue influence, at the conclusion of the trial is satisfactory and affords no reason for any further discussion upon those subjects by this court. I can see no reason for arriving at any different conclusion from that arrived at by us when the case was last before this court; and any doubts expressed at that time as to the propriety of submitting to the jury any question as to the delivery of the deed or deeds, have been removed. The judgment and order appealed from should be affirmed, with costs and disbursements. Mayham, P. J., concurred.