## DOORLEY v. O'GORMAN.

(Supreme Court, Appellate Division, First Department.   June 28, 1898.)

1. EJECTMENT—SECOND NEW TRIAL.
    In an action of ejectment, the party defeated upon the first new trial°
    is not entitled as of right, under Code Civ. Proc. § 1525, to a second new
    trial, even though the first new trial was granted upon the application of
    the other party.

2. SAME—APPLICATION.
    Upon the application for a second new trial in ejectment, under Code
    Civ. Proc. § 1525, the papers must show that justice will be promoted by
    the new trial; and therefore it must appear that an injustice has been
    done to the party against whom the verdict was rendered and the second
    final judgment entered.   For this purpose, if the application is not made
    to the judge before whom the case was last tried, the papers must, unless
    in a very exceptional case, contain at least the evidence upon the last trial.

Appeal from special term, New York county.

Action by Timothy Doorley against Mary O'Gorman.   From two or-
ders denying the defendant's motions for a new trial, under Code, § 1525,
she appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON,
and INGRAHAM, JJ.

Dennis McMahon, for appellant.

Louis Levy, for respondent.

RUMSEY, J.   The action is ejectment.   It was tried on the 5th of
December, 1895, and a verdict rendered in favor of the defendant, upon
which verdict a final judgment was entered, on the 20th of Decem-
ber, 1895.   That judgment was affirmed by this court upon appeal;
and the plaintiff thereupon obtained a new trial upon payment of the
costs, in pursuance of the provisions of section 1525 of the Code of Civil
Procedure.   Upon the new trial the plaintiff recovered, and a final judg-
ment was entered in his favor, on the 20th of December, 1897.   A
motion was thereupon made by the defendant for a new trial, under sec-
tion 1525 of the Code.   This motion was made upon the theory that the
defendant was entitled, under the section mentioned, to a new trial as
a matter of right, upon payment of the costs and expenses of the
former trial.   The motion, however, was denied, without prejudice to
another motion, to be made by the defendant if she should be so ad-
vised, on proof that justice would be promoted, and the rights of the
parties more satisfactorily ascertained and established, by a new trial.
The defendant thereupon moved, under that provision of the statute,
for a new trial, upon affidavits which, as she claimed, tended to show
that justice would be promoted, and the rights of the parties more sat-
isfactorily ascertained and established, as is required by the latter por-
tion of section 1525.   That motion was denied for the reason that it did
not appear that justice required a new trial.   From each of these
orders this appeal is taken, the defendant claiming, in the first place,
that she was entitled to a new trial as a matter of right, but, if she is
wrong in that contention, insisting that, upon the papers presented on
the second motion, it appeared that justice would be promoted by
granting her a new trial, and the court erred in denying that motion.

At common law a judgment in an action of ejectment was not conclusive except as to the demise laid in that action, and as many other actions upon a new demise could be brought between the same parties as the plaintiff desired. Adams, Ej. 192, 315. To prevent this endless litigation, it was provided by the Revised Statutes that the judgment in an action of ejectment should be conclusive, and it was given precisely the same effect as any other judgment between the parties (2 Rev. St. p. 309, § 36); but at the same time, for the more satisfactory settling of titles, and to prevent injustice because of surprise or an unforeseen failure of proof, the provisions for a new trial in certain cases as a matter of right were inserted in the statute (2 Rev. St. p. 309, § 37). This provision for a new trial was not therefore a restriction upon the rights of parties, but it was an enlargement of those rights. It was created by statute, and depends entirely upon the statute for its existence, and can only be granted in those cases in which the statute authorizes it to be done. The statute makes the granting of a new trial in these cases dependent upon the entry of a final judgment. That judgment may be for either of the parties; but when a final judgment has been entered, whether for the plaintiff or defendant, the statute gives to the party against whom the judgment is rendered the absolute right to a new trial upon payment of costs and certain damages. This right, accruing, as it does, at any time within three years after a final judgment is rendered in the action, expires when the new trial has been once granted. There is no provision for a second trial as a matter of right after the entry of a second final judgment, but that right is expressly confined to a new trial after the first judgment is entered in the action, and it can only be availed of within three years after that judgment has been entered.

The second new trial which is permitted after the second final judgment is not given as a matter of right. That is given only when the court shall be satisfied that justice will be promoted by it, and the rights of the parties more satisfactorily ascertained and established. Under the section, the right to a new trial after the second final judgment is especially limited by those words. In neither case is it given to a particular party, but generally to the defeated party; and his right to a new trial comes into existence, and is controlled, not by the fact that he has or has not been defeated before, but by the fact that a final judgment has been entered or a second final judgment has been entered in favor of somebody else. It is quite clear, as we think, that the second new trial, which can only be awarded after the second final judgment, is not to be claimed as a matter of right, but only as a matter of favor. Upon the construction contended for by appellant, each party is entitled to a new trial as of right when the judgment has once gone against him; but that construction disregards the provision that the new trial, after second final judgment, is to be granted if the court is satisfied "that justice will be thereby promoted," etc. The construction here given is confirmed by the last sentence of the statute, which says, in terms, that no more than two new trials shall be granted under that section. The same question was presented to this court under the Revised Statutes, which contained almost precisely the same provisions, at an early day, in the case of Bellinger v. Martin-

dale, 8 How. Prac. 113; and the statute there received the same construction. The first order appealed from, determining that the defendant was not entitled to a new trial as a matter of right, was therefore correctly decided, and must be affirmed.

The papers upon the second application, based upon the claim that justice would be promoted by giving to the defendant a new trial, did not disclose the evidence which was taken upon the other trial. There is nothing in the case to show what was the nature or quantity of the evidence adduced by either party, or how far it was entitled to be credited, or whether the verdict was justified by it, or whether it would have been proper under any circumstances to reach another conclusion. The application was not made to the judge before whom the trial was had, as the result of which the judgment was entered; and the justice who heard the motion had no other information with regard to the case than what is contained in the printed papers. It is not a matter of course to grant motions for a second new trial under this section. Such relief will not be given unless the court can see that the conditions imposed by the statute exist; and that is that justice will be promoted by it, and the rights of the parties more satisfactorily ascertained and established. That condition cannot be inferred solely from the fact that one party has succeeded on one trial, and another party succeeds on another. Some reason must be shown in the papers to support the claim that justice will be promoted by the new trial (Keeler v. Dennis, 39 Hun, 18), and that reason can only exist when it appears that, for some reason or other, an injustice has been done to the party against whom the verdict was rendered, and the second final judgment entered. But the matters to be considered on this motion are like those which are to be considered on the motion for a new trial on the ground of newly-discovered evidence, which will not be granted unless justice requires it. Whether justice does require such action or not depends largely, if not entirely, upon the nature of the evidence, the weight to be given to it, the manner in which it was presented, and the opportunity that the adverse party had to meet it. No satisfactory conclusion can be reached upon those points by any other person than the judge who originally tried the case, unless the evidence taken upon the trial is presented with the motion papers. Even that may not be sufficient, because, as every one knows, the conditions surrounding a trial upon which depends the conclusion whether the result is satisfactory or not cannot be reproduced in the written evidence. But certainly, unless that evidence is produced upon the motion, the case must be a very exceptional one which would authorize the court which did not hear the trial to say that justice would be promoted by another opportunity to litigate. In this case the facts do not sufficiently appear to warrant any other conclusion than that reached by the court below. This order also must be affirmed, with $10 costs and disbursements. All concur.