---

### TEN EYCK et al. v. WHITBECK et al.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

1. APPEAL — VERDICT — EVIDENCE — SUFFICIENCY — DENIAL OF NEW TRIAL — NECESSITY.

   The question whether the verdict is against the weight of the evidence will not be considered on appeal in the absence of an appeal from the order denying defendant's motion for a new trial on the minutes.

2. TRIAL—PLEADING—ISSUES—INSTRUCTIONS.

   In an action to establish title to certain property in the plaintiffs, and recover the possession thereof, it was not error to refuse to charge that plaintiffs could not recover if, at the time of the conveyance to them, the premises were held adversely to their grantor, where such question was not raised by the pleadings.

3. EJECTMENT—PLEADINGS—DEFENSES—WAIVER.

   In an action to establish title to certain property and recover possession thereof, the defense that the deed to plaintiffs was void under Laws 1896, c. 547, § 225, providing that a deed is absolutely void if, at the time of its delivery, the property is in actual possession of an adverse claimant, is waived by failure to set it up.

4. APPEAL—VERDICT—FORM—OBJECTIONS.

   An objection to a judgment on a verdict in the form suggested by the trial judge at the conclusion of the charge will not be considered on appeal where defendants neither excepted nor objected to the remarks of the judge as to the amount or form of the verdict, nor made any suggestions thereto when the verdict was delivered.

5. EJECTMENT—TRIAL—DAMAGES—INSTRUCTIONS.

   In an action to establish title to certain property in plaintiffs and recover possession thereof, a part of which was occupied by tenants of the

defendant claiming the ownership, all of whom were parties, it was not error to refuse to charge that, inasmuch as the rental value of different portions of the property was not shown, a verdict for money could not be awarded against any defendant, since the defendant owner was liable for the whole in case plaintiffs recovered.

6. APPEAL AND ERROR—NEW TRIAL—DISCRETION.

Where an action to establish title to certain property in plaintiffs and recover the possession has been tried four times, and one new trial has been granted by the trial court, its action will not be interfered with in refusing a second new trial under Code Civ. Proc. § 1525, providing that the court on a second final judgment may grant a new trial if satisfied that justice will be thereby promoted, and the rights of the parties more satisfactorily ascertained and established; since it was a matter resting in its discretion.

Appeal from trial term, Albany county.

Action by Maria Ten Eyck and another against Catherine H. Whitbeck and others. From a judgment for plaintiffs and an order denying a new trial, defendants appeal. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

C. M. Barlow (Charles E. Patterson, of counsel), for appellants.
E. Countryman and J. H. Clute, for respondents.

MERWIN, J. This action was commenced in September, 1883, and was brought to establish in the plaintiffs the title and recover the possession of a farm of about 240 acres in the town of Coeymans, in the county of Albany. The plaintiffs alleged that on or about the 21st September, 1871, Peter W. Ten Eyck, then being the owner of the farm, conveyed it, through an intermediary, to his wife, Elizabeth M. Ten Eyck, and that she, on the 9th January, 1883, then being in possession of the same, conveyed it to the plaintiffs. These deeds were not recorded until January and February, 1883. The plaintiffs also alleged that the defendant Catherine H. Whitbeck claimed to be the owner in fee of the farm under a conveyance from Peter W. Ten Eyck to her dated July 7, 1877, and recorded December 5, 1879, and that the other defendants, Beller and Jaycox, occupied, as her tenants, portions of the farm; that Catherine was not a purchaser in good faith and for a valuable consideration, and that the deed to her conveyed no title. Relief was asked that the plaintiffs be adjudged to be the owners of the farm, and entitled to the possession; that the deed to Catherine be declared a cloud on their title, and canceled of record; that the plaintiffs recover possession, with damages for withholding the same. The defendants, in their answer, admitted the original ownership by Peter W. Ten Eyck, but in substance denied the conveyance to his wife, and alleged that such conveyance, if made, and the conveyance to the plaintiffs, were procured by fraud and undue influence practiced by the plaintiff Slingerland upon the said Peter and his wife. The conveyance, in 1877, from Peter W. Ten Eyck to Catherine, was set up, it being alleged that since that time she had been in possession of the property, and was the owner thereof under and by virtue of that deed, and according to its terms and provisions. The case has

been tried four times. Upon the first trial, in 1886, there was a verdict for the defendants. Thereafter, on the application of the plaintiffs, a new trial was granted, under the provisions of clause 1, § 1525, Code Civ. Proc., the case being treated as an action of ejectment. The second trial occurred in 1889, and there was a verdict for the defendants. The plaintiffs appealed to the general term, where the judgment was affirmed (15 N. Y. Supp. 418) upon the ground that the defendants were entitled to the benefit of the recording act. Upon appeal to the court of appeals the order of the general term was reversed, it being held that the defendants were not entitled to the benefit of the recording act (135 N. Y. 40, 31 N. E. 994), and the case was remitted to the general term for a review upon the facts. Such review was had (69 Hun, 450, 23 N. Y. Supp. 463), and it was held that the evidence was not sufficient to justify the jury in finding that the plaintiffs' deeds were obtained by fraud. A new trial was accordingly granted. Upon the third trial, in 1894, a verdict was directed for the plaintiffs. Upon appeal by the defendants the judgment was affirmed. 91 Hun, 636, 35 N. Y. Supp. 1013. Upon appeal to the court of appeals the judgment was reversed upon the ground that the trial court erred in not submitting to the jury the question whether the deeds from Mr. Ten Eyck to his wife and from Mrs. Ten Eyck to the plaintiffs were delivered and accepted with a knowledge of their contents. 156 N. Y. 341, 354, 50 N. E. 963. Upon the fourth trial, now under review, the views of the court of appeals were substantially followed.

It is argued upon the part of the appellants that the proof is not sufficient to authorize the jury to find that Mrs. Ten Eyck, when she executed the deed under which the plaintiffs claim, knew or understood its contents, or that it was her free act. The evidence was, we think, sufficient to carry to the jury the questions of fraud and undue influence as well as the question whether Mrs. Ten Eyck, when she executed the deed to the plaintiffs, knew its contents, and understood the nature of the transaction. The question whether the verdict is against the weight of evidence is not before us, as there is no appeal from the order denying the motion of the defendants upon the minutes for a new trial.

The appellants claim that the court erred in refusing to charge, as requested by them, that the plaintiffs could not recover if, at the time of the deed from Mrs. Ten Eyck in 1883, the premises were held adversely to Mrs. Ten Eyck. The court remarked that no such question is raised by the pleadings. If the defendants claimed that the deed was void under the champerty act (1 Rev. St. p. 739, pt. 2, c. 1, tit. 2, § 147; Laws 1896, c. 547, § 225), it was matter of defense, and should have been set up in the answer (Ford v. Sampson, 30 Barb. 183; O'Toole v. Garvin, 1 Hun, 92; 1 Enc. Pl. & Prac. 849). It was in the nature of a plea in abatement, as the right of the plaintiffs would not be determined. They would have a right, under section 1501 of the Code, to maintain an action in the name of the grantor. Had the defense been set up in the answer, the plaintiffs would have had the opportunity to have immediately asserted their rights under section 1501. It was a matter the defendants might

waive. Keneda v. Gardner, 4 Hill, 469. They did, I think, waive it by not setting it up. The facts raising the question did not appear on the face of the complaint.

It is further claimed that the judgment is erroneous in that it provides for the recovery against all the defendants of the amount assessed by the jury as the damages for the withholding of the possession. The judge, at the close of his charge, said to the jury that there was no material dispute as to the amount of the damages in case the plaintiffs were entitled to recover damages at all; and he stated to them what the form of their verdict should be in case they found for the plaintiffs, and also what it should be in case they found for the defendants. The form of the verdict so stated as to the damages for plaintiffs was, "and we assess their damage for the withholding of the same at $6,450." It appeared in the case that the defendants Beller and Jaycox occupied different portions of the farm. The jury, in finding for the plaintiffs, adopted the form suggested by the judge. In the judgment as finally entered it was adjudged that the plaintiffs recover generally of the defendants the amount of damages as found. There was no exception or objection by defendants to the remarks of the judge as to the amount or form of the verdict for damages, or any suggestion on the subject, when the verdict was delivered. The defendants did request the court to charge that, "inasmuch as the proof does not disclose the rental value of different portions of the property, the jury cannot award a verdict for money against any defendant." This was refused, and properly, because the defendant Whitbeck was liable for the whole in case the plaintiffs recovered. This did not raise the question that the tenants should not be made liable for any greater portion than they in fact respectively occupied. I find no exception in the case that raises this question. We therefore cannot consider it, as an appeal from a judgment entered upon a verdict must be determined solely upon exceptions taken on the trial. Railroad Co. v. Ebling, 100 N. Y. 98, 2 N. E. 878.

Upon the argument it was stated by the counsel for the plaintiffs, following their brief, that the judgment was inadvertently entered for damages against all the defendants, but should have been entered against the defendant Whitbeck alone, and that the plaintiffs have no objection to an amendment accordingly. The defendants, therefore, should have leave, if they desire to do so, to enter an order to that effect.

We have examined the other exceptions to which our attention is called by the appellants upon the appeal from the judgment, but we find no good ground for reversal. We come, then, to the consideration of the appeal from the order denying a motion under section 1525 of the Code. As one new trial had already been granted under that section, the application of the appellants was necessarily under the second clause of the section. Bellinger v. Martindale, 8 How. Prac. 113; Doorley v. O'Gorman, 31 App. Div. 216, 52 N. Y. Supp. 536. The court must be satisfied that justice will be promoted by another trial, and the rights of the parties more satisfactorily ascertained and established. This provision of the Code is substan-

tially the same as the provision in the Revised Statutes. 2 Rev. St. p. 309, pt. 3, c. 5, tit. 1, § 37. If, as said in the revisors' notes to the Revised Statutes (3 Rev. St. [2d Ed.] 709), the object of this statute was to prevent the consequences of unavoidable accidents, or, as said by Judge Gridley in Bellinger v. Martindale, supra, to afford an opportunity to explore the entire case on both sides, so that either party might with safety be left to the ordinary mode of obtaining a new trial by a bill of exceptions or a case, there would not seem to be a sound basis for the appellants' application. The case has been fully explored in the long litigation and numerous trials. No accident has prevented the defendants from fully and exhaustively presenting their case. The argument, however, is, in substance, that upon the facts there is so much doubt as to the correctness of the conclusion of the jury that the court, in the exercise of its discretion, should give the defendants the benefit of another trial. I doubt about the statute being intended to cover such a contingency. There is another remedy on that. Be that as it may, an essential element to the granting of the application is that the court must be satisfied that upon another trial the rights of the parties will be more satisfactorily ascertained and established. The trial judge was not, as we must assume, so satisfied. His discretion was appealed to. He saw the parties and the witnesses. We find no good reason for disturbing his conclusion. Judgment affirmed, with costs, with leave to the appellants, if they so desire, to enter an order amending the judgment so that the recovery of damages shall be against the defendant Whitbeck alone.

Order affirmed. All concur.