### WELTI v. COHEN.

(Supreme Court, Appellate Division, Third Department. May 7, 1913.)

1. COURTS (§ 185*)—COUNTY COURT—DIRECTION OF VERDICT—NOTICE OF APPEAL.

Where defendant in the County Court moved on the coming in of the verdict for new trial, and excepted to the denial thereof, but the notice of appeal only mentioned the judgment, questions arising under the order denying a new trial could not be considered on appeal.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 185;* Appeal and Error, Cent. Dig. §§ 102, 3377, 3380, 3627.]

───────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. ATTORNEY AND CLIENT (§ 166*)—ACTION FOR COMPENSATION—EVIDENCE—ADMISSIBILITY.

In an action by an attorney for services rendered at the request of defendant in defending third persons charged with crime, the testimony of an attorney representing complainant in the prosecution that he had a conversation with defendant as to bail, that defendant beckoned to plaintiff, and that the three discussed the question of bail, was admissible to show the employment of plaintiff by defendant.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 368–372; Dec. Dig. § 166.*]

3. EVIDENCE (§ 222*)—HEARSAY EVIDENCE—ADMISSIBILITY.

An admission by a defendant in the presence of a witness is not open to the objection that it is hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 786–800, 803–808; Dec. Dig. § 222.*]

4. TRIAL (§ 103*)—RULINGS ON EVIDENCE—REFUSAL TO STRIKE OUT.

Where defendant, moving to strike out testimony, took no exception to the refusal to strike, except on condition of plaintiff's failure to show the relevancy of the evidence, and the evidence subsequently introduced showed the relevancy, a subsequent motion to strike was properly denied.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 256–258; Dec. Dig. § 103.*]

5. APPEAL AND ERROR (§ 864*)—QUESTIONS REVIEWABLE—WEIGHT OF EVIDENCE.

The Appellate Division, on appeal from a judgment only, cannot pass on the weight of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1765–1767, 3456–3461; Dec. Dig. § 864.*]

Appeal from Schenectady County Court.

Action by Edward A. Welti against Isaac Cohen. From a judgment of the County Court for plaintiff, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

A. Edgar Davies, of Schenectady, for appellant.
Burritt B. Johnson, of Schenectady, for respondent.

WOODWARD, J. The plaintiff is a practicing attorney, and his complaint sets up two causes of action for services rendered at the request of the defendant in defending one Jennie Manning, alias Jennie Ferguson, and Rose Lasher, who had been charged with grand larceny, and a like employment in behalf of the son of one of these women, who was likewise charged with grand larceny. The case was originally tried before the City Court of Schenectady, was retried before the County Court of Schenectady County and a jury, and from the judgment entered upon the verdict of the jury the defendant appeals to this court.

[1] The defendant moved, upon the coming in of the verdict, for a new trial, and excepted to the denial of the motion; but in the notice of appeal there is no mention save of the judgment, so that all questions arising under the order denying the motion for a new trial are disposed of, and cannot be considered here.

[2] The only questions now before this court arise upon the ex-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceptions taken at the trial. There are five exceptions, only one or two of which are urged upon this appeal. The first of these specially urged is in connection with the testimony of one Samuel Levy. Mr. Levy testified that he was a practicing attorney, and that he had represented the complainant in a prosecution of Rose Manning for larceny, and that at the time of this prosecution he had a conversation with Mr. Cohen, the defendant, at the City Hall. He was asked to state the conversation. The witness, without objection stated that after—

"the defendant was held, the day she was arrested, on bail, about an hour or so after that, Mr. Cohen appeared, and was going on the bond, and the question came up as to property. I objected to Mr. Cohen as bondsman, and then Mr. Cohen called me out in the hall."

At this point defendant's counsel objected to the testimony, on the ground that it—

"is irrelevant, incompetent, and immaterial, and that it has no connection with the case, and motion made to strike it out."

To this the court responded:

"It will go out, unless some relevancy is shown as to the employment of Mr. Welti by Mr. Cohen."

The witness then continued:

"Mr. Cohen called me out in the hall, and told me that this woman owed him some money, and he wanted to go on the bond in order to get security from her; that he talked with his attorney, and his attorney advised him to go on."

Asked if Cohen said who his attorney was, the witness replied:

"He beckoned for Mr. Welti to come out of the judge's office."

Here an objection was interposed that the testimony was irrelevant, incompetent, and immaterial. The objection was overruled, and the defendant excepted, when the witness continued, telling what occurred between Welti, Cohen, and himself in reference to a bondsman. It seems clear that this evidence was not irrelevant or immaterial. It had a tendency to show the employment of the plaintiff by the defendant in connection with the defense of Rose Lasher or Manning.

[3] The suggestion now made that the testimony was of a hearsay character was not made at the trial, and does not appear to be well founded. The testimony appears to have been an admission on the part of Cohen that the plaintiff was his attorney in connection with the very matter in which the plaintiff claims he was employed, and an admission by the party himself in the presence of the witness is in no sense open to the objection that it is hearsay.

[4] But it is not this ruling that the defendant now urges. His contention is that the court erred in refusing to strike out the testimony of Mr. Levy. The motion to strike out was interposed while the witness was telling the circumstances under which Mr. Cohen made the admission and the court did not refuse to strike out, except upon condition that the plaintiff should fail to connect the matter with the employment of Mr. Welti. The defendant took no exception to this ruling of the court, and, as we have already pointed out, the

evidence did tend to sustain the plaintiff's contention that he was employed by the defendant to defend Rose Lasher.   Subsequently the defendant renewed the motion to strike out; but we are of the opinion that it was properly in the case, and that the refusal of the court to grant the motion was not prejudicial to the rights of the defendant. One Alexander Fenwick, an attorney employed individually by Rose Lasher, in connection with this same employment by the defendant, had testified to much the same matter without any kind of objection just before, and there was no motion to strike this out, though the defendant now urges that the testimony of both of these witnesses was open to the same objection and should have been struck out.

[5] No other exception is urged to the course of the trial, and it is certain that upon an appeal from a judgment only this court cannot pass upon the weight of evidence.   Ten Eyck v. Witbeck, 55 App. Div. 165, 167, 66 N. Y. Supp. 921, affirmed 170 N. Y. 564, 62 N. E. 1101, without opinion.

The judgment appealed from should be affirmed, with costs.   All concur.